(No. 52535.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. JEROME LOCKETT, Appellee.

*Opinion filed November 18, 1980.*

William J. Scott, Attorney General, of Springfield,

and Clyde L. Kuehn, State's Attorney, of Belleville (Donald B. Mackay, Melbourne A. Noel, Jr., and Michael B. Weinstein, Assistant Attorneys General, of Chicago, and P. Richard Sturgeon, Assistant State's Attorney, of counsel), for the People.

H. Gary Apoian, of Apoian, Ross & Funk, P.C., of East St. Louis, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Defendant, Jerome Lockett, 18 years of age, shot and killed Henry Jones, 78 years of age. The defendant was convicted of murder after a jury trial in the circuit court of St. Clair County. He was sentenced to a term of not less than 25 years' nor more than 50 years' imprisonment. In a majority opinion, the appellate court reversed the conviction and remanded the cause to the trial court for a new trial. (75 Ill. App. 3d 183.) We granted leave to appeal.

The facts surrounding the shooting are as follows. On the evening of September 3, 1973, the defendant and two of his friends, while in defendant's automobile, came upon the victim, who was pulling his pushcart filled with glass bottles. The defendant and his companions became engaged in an argument with the victim regarding his pushcart blocking the northbound lane of the street.

According to a written statement taken by a police officer, the victim approached the car on the passenger's side, reached into his back pocket and pulled out a smoking pipe. At this point, defendant stated that he and his passengers started laughing. Then, according to the statement:

> "[T]he man said I've got something in here (and he was pointing at the Push Cart) that'll make you move, then the man reached down into the Cart and was bring [sic] up something brown, and that's when Fullalove [one

of the passengers] said Lockett watch out and Fullalove was down on the seat and I thought the man had a gun so I got my gun from out of the waste can and shot one time at the man."

At trial, the defendant testified that he had to reach from the driver's seat over the front-seat passenger and out the window to fire the gun. He stated that the victim was throwing bottles at them, but that did not cause him to shoot. Defendant testified that he fired in the victim's direction when the victim started to approach him with a gun.

The investigating officers testified that the victim was dead when they arrived at the scene. They searched the immediate area and the pushcart, but found no weapon. An empty whiskey bottle was lying near the victim's body. Defendant's gun was subsequently recovered from a nearby field.

At the close of all the evidence, defense counsel tendered the definitional and issues instructions on voluntary manslaughter, Illinois Pattern Jury Instructions (IPI), Criminal, Nos. 7.03, 7.04, 7.05, and 7.06 (1968). Upon objection by the State that the instructions were not supported by evidence, the court refused to give them to the jury. The jury was given IPI Criminal No. 24.06, the instruction on justifiable use of force.

IPI Criminal Nos. 7.03 and 7.04 are based upon section 9—2(a) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1973, ch. 38, par. 9—2(a)), which concerns voluntary manslaughter caused by serious provocation. The evidence reveals the absence of serious provocation in this case, and the trial court was correct in refusing to give IPI Criminal Nos. 7.03 and 7.04.

IPI Criminal Nos. 7.05 and 7.06 are founded upon section 9—2(b) of the Code, which covers voluntary manslaughter based upon an unreasonable belief of justification. Section 9—2(b) provides that a person is guilty of voluntary manslaughter when he intentionally or knowing-

ly kills another under the unreasonable belief that the killing was justified under article 7 of the Code. Article 7, section 7—1, of the Code (Ill. Rev. Stat. 1973, ch. 38, par. 7—1) provides that a person is justified in the use of force intended to cause death or great bodily harm if he reasonably believes the force is necessary to prevent imminent death or great bodily harm. Justifiable use of force is a defense in a murder prosecution when the person's belief "is reasonable even if it is mistaken." (Ill. Ann. Stat., ch. 38, par. 7—1, Committee Comments, at 364 (Smith-Hurd 1972).) The State correctly draws a distinction between a reasonable, mistaken belief under section 7—1 (*e.g.,* a reasonable belief that the victim was coming at him with a gun when the victim, in fact, had no gun) and an unreasonable belief under section 9—2(b) (*e.g.,* a belief that the victim was coming at him with a gun and that belief was unreasonable). However, the State goes on to argue that because the defendant could have a reasonable (although mistaken) belief that he could act in self-defense he, therefore, was not entitled to an instruction on voluntary manslaughter based upon an unreasonable belief.

This contention is incorrect. A defense based upon self-defense does not preclude a voluntary manslaughter instruction in a murder prosecution. According to the committee note to IPI Criminal No. 7.05: "When the charge is murder, the defense is self defense, and the proof supports a voluntary manslaughter instruction and verdict, the order of instructions should be: *first*, Instruction 7.01 (Murder); *second*, \*\*\* Instruction 7.05; *third*, applicable instruction from Chapter 24—Defenses." (See also *People v. Joyner* (1972), 50 Ill. 2d 302, 307.) It is the settled rule in murder cases that if there is evidence in the record which, if believed by a jury, would reduce the crime to manslaughter, an instruction defining manslaughter should be given. *People v. Handley* (1972), 51 Ill. 2d 229, 235; *People v. Joyner* (1972), 50 Ill. 2d 302, 306; *People v.*

*Canada* (1962), 26 Ill. 2d 491, 491-92; *People v. Papas* (1942), 381 Ill. 90, 94; *People v. DeRosa* (1941), 378 Ill. 557, 562.

It is equally well settled, however, that such an instruction should not be given if the evidence clearly demonstrates that the crime was murder and there is no evidence upon which a jury might find the defendant guilty of manslaughter. *People v. Handley* (1972), 51 Ill. 2d 229, 235; *People v. Latimer* (1966), 35 Ill. 2d 178, 182; *People v. Marsh* (1949), 403 Ill. 81, 94; *People v. DeRosa* (1941), 378 Ill. 557, 562.

Several appellate court opinions have held that if the evidence supports a self-defense instruction, it will also support a voluntary manslaughter instruction. *People v. Wright* (1974), 24 Ill. App. 3d 536, 542; *People v. Zertuche* (1972), 5 Ill. App. 3d 303, 306; *People v. Johnson* (1971), 1 Ill. App. 3d 433, 435.

We agree with those cases. A self-defense instruction is given in a homicide case when there is some evidence in the record which, if believed by a jury, would support a claim of self-defense. IPI Criminal No. 24.06, "Use of Force in Defense of a Person," provides in pertinent part:

> "*** [A] person is justified in the use of force which is intended or likely to cause death or great bodily harm only if he *reasonably believes* that such force is necessary to prevent [imminent death or great bodily harm to (himself—another)] or [the commission of a forcible felony]." (Emphasis added.)

The jury, when given this instruction, could conclude one of three things. First, it could decide that the defendant did not have a subjective belief that use of force was necessary. In that case, the verdict should be murder. Second, it could determine that the defendant had the subjective belief that use of force was necessary and that subjective belief was reasonable. In that event, the defendant's use of force was justified and the verdict should be

not guilty. Third, a jury could conclude that the defendant subjectively believed that use of force was necessary, but that this subjective belief was unreasonable under the circumstances. The third alternative is the precise situation in which a verdict of voluntary manslaughter should be reached under section 9—2(b). IPI Criminal No. 7.05, "Voluntary Manslaughter—Intentional—Belief of Justification," provides:

"A person commits the crime of voluntary manslaughter who intentionally or knowingly kills another if, at the time of the killing, he believes that circumstances exist which would justify the killing, but *his belief* that such circumstances exist is *unreasonable.*" (Emphasis added.)

Therefore, a self-defense and a voluntary manslaughter instruction should be given when any evidence is presented showing the defendant's subjective belief that use of force was necessary. If the subjective belief is reasonable, the result is justifiable use of force; if the subjective belief is unreasonable, the result is voluntary manslaughter. *People v. Joyner* (1972), 50 Ill. 2d 302, 306-07.

The determination of whether the defendant's subjective belief is reasonable is for the jury to make. In *People v. Papas* (1942), 381 Ill. 90, 96, this court held that the failure of the trial court to submit a voluntary manslaughter instruction constituted reversible error. The court stated:

"In a case tried by a jury it is the province of the jury, not the judge, to decide the guilt or innocence of the accused. It is equally the province of the jury to decide whether or not the accused is guilty of murder, or of the lesser crime of manslaughter, if there is *any* evidence which tends to prove the lesser rather than the greater crime. We have repeatedly rejected instructions which, as a matter of law, took the decision of this

question from the jury." (Emphasis added.) 381 Ill. 90, 96.

It is not the province of the judge to weigh the evidence and decide if defendant's subjective belief was reasonable or unreasonable. The judge's duty is to determine if any evidence is presented that the defendant had a subjective belief. We can conceive of no circumstance when a judge could determine, as a matter of law, that a jury could find the defendant had a reasonable subjective belief the killing was justified, but that the jury could not find the defendant's subjective belief was unreasonable. So long as some evidence is presented from which a jury could conclude that defendant had a subjective belief, the jury should determine if the belief existed and, if so, whether that belief was reasonable or unreasonable. Consequently, we hold that when the evidence supports submitting an instruction on justifiable use of force, a tendered IPI Criminal No. 7.05 on voluntary manslaughter also should be given.

Here, the record indicates that the 78-year-old victim picked up a brown whiskey bottle, not a gun, from the pushcart, and that such action was followed by a warning from one of defendant's passengers to "watch out." The submission of the self-defense instruction by the trial judge indicates that, in his opinion, the jury could conclude defendant acted in the subjective belief his conduct was in self-defense. The record supports that determination. As a result, a voluntary manslaughter instruction also should have been given. It was for the jury to conclude whether defendant acted in the belief his conduct was justified and whether that belief was reasonable or unreasonable.

The trial court's reason for rejecting the manslaughter instruction was not because the record failed to reveal any evidence that would reduce the crime to manslaughter.

Rather, the trial judge refused to give the instruction because he concluded that "self-defense is seldom compatible with voluntary manslaughter." The judge also stated:

> "I think he based his shooting on the fact that Fullalove [the passenger] said something, and then he saw this brown object, which I think you can see lying in the street alongside the old man. The brown whiskey bottle. I think the old man was going to hit him with another bottle or throw a bottle. Must have been a real speed ball coming at them from that 79 year old man. No. I am going to refuse that instruction ***."

If anything, the judge's statement reinforces the possibility that the jury could determine that the defendant's belief was unreasonable. In any event, the question of reasonableness is not for the court to decide.

The State cites *People v. Handley* (1972), 51 Ill. 2d 229, where this court refused to allow manslaughter instructions to be given to the jury. In that case, the court determined there was no evidence in the record from which the jury could find the defendant guilty of manslaughter. However, in *Handley*, the court only considered whether the jury could conclude from the evidence that the defendant was acting under a sudden, intense passion resulting from provocation (51 Ill. 2d 229, 236), which is section 9—2(a) of the Code. The court did not consider a voluntary manslaughter instruction based upon section 9—2(b) of the Code. Similarly, *People v. DeRosa* (1941), 378 Ill. 557, is inapposite. There, the court concluded no evidence of provocation was present in the record to warrant a manslaughter instruction. The court gave a self-defense instruction (thus deciding that the jury could conclude defendant's use of force was reasonable), but did not address whether the jury could conclude that defendant's use of force was unreasonable. (378 Ill. 557, 563.) Prior to the 1961 revision of the Code, cases of voluntary manslaughter referred only to situations where the killing

was the result of a sudden and intense provocation. The unreasonable-use-of-force element was first enacted in 1961.

In *People v. Cannon* (1971), 49 Ill. 2d 162, 166, this court affirmed the trial court's refusal to give voluntary manslaughter instructions, stating that the evidence did not show circumstances that would create the belief, albeit unreasonable, that shooting at the group of boys was necessary to prevent defendants' suffering imminent death or great bodily harm. The implication is that the court determined that the defendant did not have the subjective belief, either reasonable or unreasonable, required for self-defense. Conversely, in the instant case, the trial court determined that a jury could conclude that the defendant had the subjective belief prerequisite to justifiable use of force.

Thus, this court has never held, in a factually similar context, that a voluntary manslaughter instruction should not be given. The evidence presented the possibility that the defendant had the subjective belief he was acting in self-defense. As stated above, it was for the jury to determine if the defendant did, in fact, have the subjective belief and, if so, that the belief was reasonable or unreasonable under the circumstances.

For the reasons stated the judgment of the appellate court is affirmed.

*Judgment affirmed.*