THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SAMUEL L. STEWART, Defendant-Appellant.

First District (3rd Division)   No. 84—2327

Opinion filed March 19, 1986.

Steven Clark and Debra R. Salinger, both of State Appellate Defender's Office of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and Michael J. Marovich, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

A jury found defendant, Samuel L. Stewart, guilty of the murder of Anna Thomas, and the trial court sentenced him to a term of 25 years. On appeal defendant contends that the trial court erred in failing to ask certain *voir dire* questions, and in failing to instruct the jury regarding voluntary manslaughter and defendant's justified use of force. Defendant also contends that he was denied a fair trial because of improper comments by the prosecutor during closing argument.

On March 30, 1982, defendant stabbed the deceased to death in the hallway of the apartment building where he had previously lived with her until she asked him to move. The deceased's three sons, ranging in age from nine to 14 years, testified for the State. According to their testimony, the deceased and the three boys were walking down the hallway when defendant approached and attempted to talk to the deceased. When the deceased kept walking toward her apartment, defendant grabbed his knife and stabbed her three times in the stomach and chest. No other person was in the hallway at the time.

Defendant testified that when he saw the deceased in the hallway, two men approached and stated, "We don't allow nobody to be mess-

ing with our womens in this building." Defendant was then shoved to the ground, where he took out a knife. One of the men struck defendant in the head with his knee, causing defendant's eyes to water and his vision to blur. He struck out at the assailants with his knife. "That is when I started swinging at him with the knife. I forgot about Annie was behind him. I was just trying to stick him with the knife." When the two men ran, defendant realized that he had stabbed the deceased.

The trial court gave the jury instructions concerning murder and involuntary manslaughter, but refused defendant's proffered instructions concerning voluntary manslaughter and his justified use of force. We first address defendant's contention that, since he offered evidence that his actions were done in self-defense, the trial court's refusal to submit the proffered instructions was erroneous.

■■ As long as there is "some evidence in the record which, if believed by a jury, would support a claim of self-defense," then a self-defense and a voluntary manslaughter instruction should be given. (*People v. Lockett* (1980), 82 Ill. 2d 546, 551, 413 N.E.2d 378.) These instructions are given when any evidence is offered showing the defendant's subjective belief that use of force was necessary. (*People v. Lockett* (1980), 82 Ill. 2d 546, 413 N.E.2d 378.) It is for the jury, not the judge, to decide whether defendant's subjective belief was reasonable, even if only very slight evidence is presented. (*People v. Rodriguez* (1981), 96 Ill. App. 3d 431, 421 N.E.2d 323.) The trial judge is restricted to deciding if any evidence is offered that defendant had a subjective belief. (*People v. Lockett* (1980), 82 Ill. 2d 546, 413 N.E.2d 378.) The credibility of the witnesses can only be resolved by the jury. *People v. Brooks* (1985), 130 Ill. App. 3d 747, 474 N.E.2d 1287.

■■ In the present case, defendant testified that two men attacked him in the hallway, and that while his vision was blurred he lashed out with his knife, mistakenly stabbing the deceased instead of the two men. This testimony sufficiently constituted "any evidence" of defendant's subjective belief that he justifiably used force. While a jury might not believe defendant's version, weighing his credibility is for the jury, not the court. (*People v. Harris* (1976), 39 Ill. App. 3d 805, 305 N.E.2d 850.) If the jury finds defendant's belief was reasonable, it could justifiably find defendant acted in self-defense. If the jury finds defendant's belief was unreasonable, it may find defendant guilty of voluntary manslaughter. And, if the jury finds that defendant did not have any subjective belief that use of deadly force is necessary, it may find him guilty of murder. (*People v. Scott* (1981), 97 Ill. App. 3d 899, 424 N.E.2d 70.) The jury here was not given the oppor-

tunity to make these decisions. The instructions regarding voluntary manslaughter and defendant's justified use of force should have been given to the jury, and it was reversible error for the trial court not to do so.

The State maintains that defendant failed to make even a minimal showing of evidence to support a self-defense theory because other evidence directly refuted defendant's testimony. The evidence produced by the State, however, is irrelevant in deciding whether the instructions in question should be given. The test focuses only on defendant's evidence, not its reasonableness. See *People v. Lockett* (1980), 82 Ill. 2d 546, 413 N.E.2d 378; *People v. Brooks* (1985), 130 Ill. App. 3d 747, 474 N.E.2d 1287.

The State's reliance on *People v. Bratcher* (1976), 63 Ill. 2d 534, 349 N.E.2d 31; *People v. Tanthorey* (1950), 404 Ill. 520, 89 N.E.2d 403; and *People v. Purrazzo* (1981), 95 Ill. App. 3d 886, 420 N.E.2d 461, *cert. denied* (1982), 455 U.S. 948, 71 L. Ed. 2d 661, 102 S. Ct. 1448, is misplaced. Those cases all involve evidence that precluded any possibility of using self-defense as an affirmative defense. (See *People v. Bratcher* (1976), 63 Ill. 2d 534, 349 N.E.2d 31 (defendant's own testimony indicates that he attacked a police officer in anger and was not in fear, and thus the court ruled he could not argue self-defense); *People v. Tanthorey* (1950), 404 Ill. 520, 89 N.E.2d 403 (defendant testified that he did not point the gun at anyone or shoot it intentionally, but that "some way the gun went off"); *People v. Purrazzo* (1981), 95 Ill. App. 3d 886, 420 N.E.2d 461 (defendant testified that gun went off accidentally when a dog jumped on his arm.) In the present case defendant testified that he was using the knife purposely and voluntarily to ward off two attackers when he stabbed a third person. This testimony is sufficient to show that defendant does not claim a pure accident, and is sufficient to meet the minimal level of evidence required.

Since the matter is to be retried, we must point out that in *People v. Zehr* (1984), 103 Ill. 2d 472, 469 N.E.2d 1062, the supreme court held that it was reversible error for the trial court to fail to ask a question during *voir dire* regarding the failure of defendant to testify in his own behalf. Here, the trial court failed to inquire as to whether the jurors understood that defendant need not offer any evidence. *People v. Zehr* is to be applied prospectively (*People v. Britz* (1986), 112 Ill. 2d 314), and thus was inapplicable to the first trial. The *Zehr* holding must be followed, however, during retrial of this case.

As to defendant's claim that he was deprived of a fair trial by certain comments of the prosecutor during closing argument, we deem it

unlikely that the claimed error will recur during retrial. Consequently, we consider it unnecessary to consider the issue here.

For the reasons stated, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

RIZZI, P.J., and McGILLICUDDY, J., concur.