March 3, 1999

No. 3--97--0281

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE OF    ) Appeal from the Circuit Court

ILLINOIS,                     ) of Lee County.

                              )

Plaintiff-Appellee,      ) No. 95--CF--107

                              )

v.                            )          

                              ) 

JOSEPH MICHAEL WILLARD,       ) Honorable                  

                              ) John E. Payne,

Defendant-Appellant,     ) Judge, Presiding.

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Defendant appeals from his convictions of burglary (720 ILCS 5/19--1(a) (West 1994)) and contributing to the delinquency of a child (720 ILCS 130/2a (West 1994)).  We affirm.

On or about June 17, 1995, a building owned by Ethan Olar and  located at Routes 27 and 30 in Dixon, was broken into, and tools, compact disks, and a compact disk player were taken.  Several days later, defendant was arrested while attempting to sell the stolen tools in Clinton, Iowa.  Also taken into custody at the time was K.B., who was 16 years old. K.B. was charged with residential burglary in a juvenile petition; however, this charge was dropped after she testified at defendant’s trial.  Following a jury trial, defendant was found guilty of both charges and was sentenced to serve 7 years in the Department of Corrections for burglary and 364 
days, concurrently, for contributing to the delinquency of a child.  Defendant’s motion for a new trial and/or sentence reduction was denied.  This appeal followed.

Defendant first contends that he was not proved guilty of burglary beyond a reasonable doubt.  According to defendant, the evidence at trial established that he entered a dwelling in violation of the residential burglary statute (720 ILCS 5/19--3(a) (West 1994)) and, therefore, he could not have committed the offense of burglary.  We disagree.

The standard of review on a challenge to the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
People v. Borgen, 
282 Ill. App. 3d 116, 119 (1996).  This standard does not allow the reviewing court to substitute its judgment for that of the trier of fact on questions involving credibility of witnesses or the weight of the evidence.  
Borgen, 
282 Ill. App. 3d at 119.  However, this court does have a duty to set aside a conviction when the evidence raises a reasonable doubt of the defendant’s guilt.  
Borgen, 
282 Ill. App. 3d at 119.

Burglary is defined in section 19--1(a) of the Criminal Code of 1961 as follows:

"A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft.  This offense shall not include the offenses set out in Section 4--102 of The Illinois Vehicle Code, nor the offense of residential burglary as defined in Section 19--3 hereof."  720 ILCS 5/19--1(a) (West 1994).

Residential burglary is defined as follows:

"A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft."  720 ILCS 5/19--3(a) (West 1994). 

For purposes of the residential burglary statute, a dwelling is defined as "a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually reside or in their absence intend within a reasonable period of time to reside."  720 ILCS 5/2--6(b) (West 1994).  Our supreme court has held that these offenses are mutually exclusive, in that residential burglary can be committed only in a dwelling, whereas burglary cannot be committed in a dwelling.  See 
People v. Childress, 
158 Ill. 2d 275, 302 (1994).  

Ethan Olar was the owner of the building that defendant entered to take the tools, CDs, and CD player.  Olar testified that the building had originally been a six-unit motel or hotel.  Late in May 1995, he purchased the land on which the building and another structure stood.  He planned to rehab the building into four residential units and a laundry room plus a residence for himself.  Olar did not live in the building until approximately the middle of September 1995.  As of June 16, 1995, no one lived in the building.  On that date, much of the drywall inside had been taken down.  One could see from one end of the building to the other on the inside.  Olar described the building as "really not a place to live in yet"  as of June 17, 1995.

Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational jury could find defendant guilty of burglary beyond a reasonable doubt.  The evidence at trial clearly showed that the building defendant entered was not a dwelling as defined in the statute.  Therefore, burglary, not residential burglary, was proved beyond a reasonable doubt.

Defendant relies on three cases to show that Olar’s building should be considered a dwelling; however, all three cases are distinguishable.  In 
People v. Silva, 
256 Ill. App. 3d 414 (1993), the defendant’s conviction of residential burglary was upheld where he entered and took items from the unoccupied first-floor and basement apartments of a building in which the owner lived on the second floor.  At the time, the owner was rehabilitating the basement and first-floor apartments.  At the time of trial, there was still no one was living in the first-floor apartment, and there was no evidence regarding occupancy of the basement apartment.  However, 
Silva 
is distinguishable because in 
that 
case the owner was living in the building at the time of the illegal entry, although not in the units that the defendant entered, and was using the unoccupied space for storage.  The appellate court stated that "[t]he space implicated the concerns for privacy, sanctity of the home, and the potential for serious harm which are addressed by the residential burglary statute."  
Silva, 
256 Ill. App. 3d at 420-21.  Here, Olar did not reside in the building at the time of the entry and never had.  The concerns listed in 
Silva 
are not at issue here and are distinguishable from this case.

Similarly, in 
People v. Suane, 
164 Ill. App. 3d 997 (1987), the defendants were convicted of residential burglary of the unoccupied second story of a two-story building; the owners lived on the first story and were rehabilitating the second.  The appellate court affirmed the convictions.  
Suane 
is distinguishable because, once again, the illegal entry was made to a building that  was occupied; 
the 
first and second stories were even connected by an inside staircase, once again implicating the concerns listed in 
Silva.  
Furthermore, there was evidence that the defendants had gone down to and taken items from the first floor, where the owners resided.  
Suane, 
164 Ill. App. 3d at 1002.

Finally, in 
People v. Sexton, 
118 Ill. App. 3d 998 (1983), the appellate court affirmed the defendant’s conviction of residential burglary for taking items from a house that was not the actual residence of the owner.  The prior tenants had moved out sometime before the entry, and the owner occasionally spent the night or the weekend at the house and stopped in every few days to pick up mail and check on the furnace and air conditioner.  
Sexton, 
118 Ill. App. 3d at 999.  Once again, the building was inhabited, although this time not on an every-night basis.  
Sexton 
is clearly distinguishable based on the inhabitation of the building.

In the case before us, Olar’s building was clearly not a dwelling.  No one had lived in it, and no one currently lived in it.  According to the evidence, no one could live in it at the time.  Defendant’s theory would make every partially built home, unoccupied and unoccupiable, a dwelling for purposes of residential burglary.  This result is absurd.  The statute requires that the occupants "actually reside 
or in their absence 
intend within a reasonable period of time to reside" in a dwelling at the time of the offense for residential burglary to apply. (Emphasis added.) 720 ILCS 5/2--6 (West 1994).  "In their absence" implies that the building is habitable, but currently uninhabited, with a return to habitation planned shortly.  An uninhabitable building does not fall within this definition.  Furthermore, the entry into Olar’s building did not implicate the concerns for privacy, sanctity of the home, and potential for serious harm that the residential burglary statute addresses.  There is no home where no one can live, and no one’s privacy can be violated where there is no habitation.  With no one able to live in such a house, the probability of an intruder being confronted by the owner is nil.  The dangers raised by residential burglary are not present to the same extent when a building is uninhabitable.  We therefore conclude that defendant was proved guilty beyond a reasonable doubt of burglary and affirm his conviction.

Defendant also contends that his conviction of contributing to the delinquency of a minor must be reversed because his burglary conviction, which was the predicate felony for this charge, must be reversed.  However, since we have affirmed the burglary conviction, and defendant in no other way attacks his second conviction, we affirm this conviction as well.

For these reasons, the judgment of the circuit court of Lee County is affirmed.

Affirmed.

COLWELL and HUTCHINSON, JJ., concur.