# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*People v. Billups*, 2012 IL App (1st) 081383-B

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAVELLE BILLUPS, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-08-1383 |
| Filed<br>Rehearing denied | August 31, 2012<br>September 21, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's violation of *Lockett* when it instructed the jury on self-defense but not second degree murder was reversible error that required a new trial, since the version of the events resulting in a fatal shooting were "diametrically opposed," defendant claimed self-defense, and it could not be said that the result would not have been different if the jury had received an instruction on second degree murder. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 05-CR-26029; the Hon. John P. Kirby, Judge, presiding. |
| Judgment | Reversed and remanded for a new trial. |

| Counsel on Appeal | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Douglas P. Harvath, and Miles J. Keleher, Assistant State's Attorneys, of counsel), for the People. |
|---|---|
| | Paul E. Wojciciki and Jason A. Higginbotham, of Segal McCambridge Singer & Mahoney, Ltd., of Chicago, for appellant. |
| Panel | JUSTICE GARCIA delivered the judgment of the court, with opinion. Justices Hall and Rochford concurred in the judgment and opinion. |

**OPINION**

¶ 1    In a supervisory order, our supreme court directed that we vacate our opinion and reconsider in light of *People v. Washington*, 2012 IL 110283. See *People v. Billups*, No. 111280 (Ill. Mar. 28, 2012) (order). In our original decision, we rejected defendant Lavelle Billups' contention that the trial court erred when it did not instruct the jury on second degree murder, even though it instructed on self-defense. *People v. Billups*, 404 Ill. App. 3d 1 (2008). *Washington* held the rule in *People v. Lockett*, 82 Ill. 2d 546 (1980), that when the jury is instructed on self-defense, it should also be instructed on second degree murder, stands without exception. We granted leave to the defendant to file a copy of his petition with the supreme court for leave to appeal and to the State to file a supplemental brief on the only remaining issue of harmless error. Because the defendant's testimony presented a clear case of self-defense, the error in not instructing the jury on second degree murder was not harmless. We reverse for a new trial.

¶ 2                              BACKGROUND

¶ 3    In our original decision, we followed the analysis in *People v. Anderson*, 266 Ill. App. 3d 947 (1994), to conclude that "the 'subjective belief' of the defendant [was] not at issue before the jury precluding an instruction on second degree murder even though the jury [was] instructed on self-defense." *Billups*, 404 Ill. App. 3d at 6. We found the trial evidence only afforded the jury two choices: either the defendant was not guilty of murder by reason of self-defense, or he was guilty of first degree murder. The trial evidence did not permit the intermediate ground of guilty of second degree murder, or as it is often referred " 'imperfect self-defense.' " *Id.* at 8 (quoting *People v. Jeffries*, 164 Ill. 2d 104, 113 (1995)). Consequently, we affirmed the defendant's conviction against his claim that Illinois law required that the jury be instructed on second degree murder when it is instructed on self-defense. *Billups*, 404 Ill. App. 3d at 14.

¶ 4    We take the following facts from our original decision. Similar to the defendant's testimony in *Anderson*, Billups contended he disarmed the deceased during an attempted

armed robbery and shot the deceased with his own gun. The State's chief witness, the defendant's brother, testified that the defendant admitted that the gun he used to shoot the deceased was on his person the entire night. (Earlier that night, the police had conducted a pat-down of the defendant without discovering the gun.) According to the brother's testimony, the deceased was never armed with a handgun and never attempted to rob them. Based on the conflicting evidence, we determined the jury could have found the deceased engaged in an attempted armed robbery, consistent with the defendant's version of events, which, if believed, should have resulted in a finding of not guilty by reason of self-defense, or the jury could have found no attempted armed robbery occurred as the defendant's brother's testified, which would mean the claimed justification for the use of force did not exist and the defendant was guilty of first degree murder, as the jury found. In other words, the "diametrically opposed" evidence did not give rise to a subjective belief on the part of the defendant that he was a victim of an attempted armed robbery. *Id.* at 12. In this sense, we characterized the defendant's claim of self-defense as "perfect." *Id.* If the jury believed that the events transpired as he testified, then the defendant acted in self-defense. However, the jury was free to believe the defendant's brother's testimony, which would mean that no facts existed that might support a claim of *unreasonable belief* in the need for the use of force. Stated differently, the salient facts as presented by the prosecution and the defense did not overlap, except that the deceased was shot to death by the defendant. Without any evidence that the defendant acted on an "unreasonable subjective belief" that the decedent was armed, we upheld the trial judge's ruling that the jury should not be instructed on second degree murder.

¶ 5                                            ANALYSIS

¶ 6        The parties agree that in light of *Washington*, the trial court below erred in not instructing the jury on second degree murder. The only remaining issue is whether the error was harmless, which the State bears the burden of proving. *People v. Thurow*, 203 Ill. 2d 352, 363 (2003) (to establish harmless error, the State must prove that the jury verdict would have been the same absent the error).

¶ 7        The trial proceedings in this case mirror the proceedings in *Washington*. The trial judge "instructed the jury on the justifiable use of force in self-defense (720 ILCS 5/7-1 (West 2002))." *Washington*, 2012 IL 110283, ¶ 1. "The [trial] court rejected defense counsel's request to also instruct the jury on second degree murder (720 ILCS 5/9-2(a)(2) (West 2002)) ***." *Id.* "The question of whether sufficient evidence exists in the record to support the giving of a jury instruction is a question of law subject to *de novo* review." *Id.* ¶ 19. The *Washington* court also addressed the State's contention that the overwhelming nature of the evidence rendered the instruction error harmless, which triggers our in-depth review of *Washington*.

¶ 8        To address the State's contention that supreme court precedents "did not mandate the giving of a second degree murder instruction whenever a self-defense instruction is given," the court reviewed its earlier decisions on the issue. *Id.* ¶¶ 26-30. Of particular importance to our review of this case, the court discussed its decision in *People v. O'Neal*, 104 Ill. 2d

399 (1984), which addressed the issue of harmless error in the context of failing to instruct on the lesser offense of voluntary manslaughter after instructing on self-defense:

> "The *O'Neal* court concluded, after reviewing the record, that it agreed with the trial court that there was sufficient evidence to submit a self-defense instruction to the jury. Consequently, the court stated, the tendered instruction on voluntary manslaughter should have also been given. The court further held that the error was not harmless, noting that the finding by the trial court of sufficient evidence in the record of the defendant's subjective belief in the necessity for the use of force to warrant a self-defense instruction foreclosed any finding that the evidence of murder was overwhelming." *Washington*, 2012 IL 110283, ¶ 30.

¶ 9    As the *Washington* court explained the *O'Neal* decision, there is a direct link between the trial court's conclusion that sufficient evidence exists in the record to mandate a self-defense instruction and whether the error in not instructing on the lesser offense of voluntary manslaughter can be ruled harmless. The *O'Neal* court noted that when the trial court instructs the jury on self-defense, it determines that the record evidence raises a question of fact of whether force was justified. That factual question to be resolved by the jury effectively forecloses the State's contention of *harmless error*. *O'Neal*, 104 Ill. 2d at 409 (the finding by the trial court that sufficient evidence of the defendant's subjective belief existed "forecloses any finding that the evidence of murder was overwhelming"). Of the cases discussed by the court in *Washington*, the facts in *O'Neal* most closely resemble the facts in *Anderson* and the instant case.

¶ 10    In *O'Neal*, the defendant and an accomplice named Hendricks hijacked a car occupied by a female and her male companion. *Id.* at 403. The male companion was placed in the trunk of the car by the hijackers. *Id*. The female victim testified that while the accomplice raped her in the backseat of the car, with his hands behind her back, the defendant, seated in the front seat of the car, shot the accomplice in the head. *Id*. The defendant testified to explain why he shot Hendricks. He stated that the two had only intended to rob the female victim and her companion. *Id*.

> "According to the defendant, Hendricks ordered the defendant to rape the victim. However, before the defendant could do so, Hendricks changed his mind and decided to be the first to rape the victim. The defendant testified that as Hendricks was raping the victim, he reached for the gun in Hendricks' jacket pocket. When Hendricks saw him reach, he grabbed the defendant by the arms and attempted to pull the defendant into the back seat. The defendant testified that he then shot Hendricks in self-defense." *Id.* at 403-04.

The defendant also testified Hendricks had forced him to participate in several robberies and he was afraid of Hendricks, whom he had known for only one month. *Id.* at 404. The jury was instructed on self-defense, but the defendant's request for a voluntary manslaughter instruction was denied. *Id.* The *O'Neal* court ruled that the jury should also have been instructed on what is now second degree murder. *Id.* at 406. The court rejected the State's claim that the instruction error was harmless. *Id.* at 409. The trial court had correctly found that the defendant's testimony warranted instructing the jury on self-defense. *Id.* "This

finding by the trial court, with which we agree, forecloses any finding that the evidence of murder was overwhelming." *Id.* The refusal to instruct the jury on imperfect self-defense "was not harmless error." *Id.*

¶ 11 Similarly, the court in *Washington* rejected the State's claim that no proof of the defendant's unreasonable belief was before the jury to warrant an instruction on second degree murder. *Washington*, 2012 IL 110283, ¶ 33 (discussing *Jeffries*, 164 Ill. 2d 104). In *Jeffries*, the defendants had argued that the second degree murder statute placed "the accused in the untenable position of arguing that he had a reasonable belief in self-defense to obtain an acquittal and, at the same trial, arguing that his belief was unreasonable to obtain a second degree murder conviction." *Washington*, 2012 IL 110283, ¶ 33. According to the *Washington* court, a defendant was not forced to choose between arguing to the jury that his belief was reasonable to succeed on self-defense and arguing that his belief was unreasonable to reduce his culpability. "Based upon this example, this court concluded [in *Jeffries*] that a defendant is *not required* to argue that his belief was unreasonable." (Emphasis added.) *Id.* ¶ 33. As the court explained, the evidence before the jury that supported an instruction on whether the defendant acted with reasonable belief in the need for self-defense was enough to permit the jury to find that the belief was "unreasonable." *Id.* This was so because "a defendant's belief was not necessarily an element that the State was required to disprove in defeating a claim of self-defense." *Id.* ¶ 35.

> " 'The defendant is not compelled to show that he had an unreasonable belief in the necessity for the use of force to obtain a second degree murder conviction. Rather, after the defendant has presented the best evidence for his defense, the trier of fact [may] conclude[ ] that the evidence only supports a finding of second degree murder and not absolute justification for the defendant's actions.' " *Id.* (quoting *Jeffries*, 164 Ill. 2d at 129).

The *Washington* court explained, "[I]f the jury finds the defendant had a subjective belief [in the need for the use of force], it may find the belief to be objectively reasonable or objectively unreasonable." *Washington*, 2012 IL 110283, ¶ 37.

¶ 12 To further emphasize the special role of the jury in assessing a claim of self-defense, the supreme court discussed *People v. Zertuche*, 5 Ill. App. 3d 303 (1972), where the appellate court "noted it seemed inconsistent of the trial court to find the existence of evidence from which the jury could conclude that the defendant had a reasonable belief in the need to use deadly force in self-defense, and at the same time find there to be no evidence showing that the defendant had an unreasonable belief in the need for the use of force." *Washington*, 2012 IL 110283, ¶ 40.

¶ 13 The State raised the possibility that a case may present factual circumstances where, "as a matter of law, the defendant could not have had an unreasonable belief in the need to use force in self-defense." *Id.* ¶ 43. The State asserted that "[i]n such a case, *** a second degree murder instruction would not be supported by the evidence and should not be given." *Id.* As examples of such a case, the State pointed to *Anderson* and the instant case. The supreme court rejected that either was good authority for the State's proposition: "The *Anderson* court [and, consequently, this court in *Billups*,] misinterpreted the holding in *Lockett ***.*" *Id.*

¶ 47. The court explained that "[n]owhere in its [*Lockett*] opinion did this court condition its holding on the facts of the case before it." *Id*. ¶ 48. The *Washington* court made clear that once the trial court concluded that the evidence supported instructing the jury on self-defense, it necessarily followed that sufficient evidence "of the defendant's subjective belief" existed. *Id*. "It is for the jury to weigh the evidence and determine whether that subjective belief *** was objectively reasonable or unreasonable." *Id.* The supreme court concluded:

> "We today reiterate *Lockett*'s holding that when the evidence supports the giving of a jury instruction on self-defense, an instruction on second degree murder must be given as a mandatory counterpart. A failure to do so *deprives the jury of the ability to make a factual determination* as to whether the defendant had a subjective belief in the necessity for the use of force in self-defense but that belief was unreasonable." (Emphasis added.) *Id.* ¶ 56.

¶ 14　　As to the gravity of the instruction error, the supreme court ruled that "the failure by a trial court to instruct the jury on second degree murder where the court has given an instruction on self-defense is not subject to automatic reversal [as a structural error.]" *Id.* ¶ 59. Instead, "instruction errors are deemed harmless if it is demonstrated that the result of the trial would not have been different had the jury been properly instructed." *Id.* ¶ 60. The supreme court explained its rejection of the State's claim of harmless error in the case before it: "While there was evidence that contradicted defendant's claim of a reasonable belief in self-defense, the evidence in this case was conflicting." *Id.* The court described the testimony at trial as "diametrically opposed as to what transpired prior to and after the shooting." *Id.* The court reiterated "the jury's function to weigh the evidence, assess the credibility of the witnesses, resolve conflicts in the evidence, and draw reasonable inferences therefrom." *Id*. Under the rule in *Lockett*, the dispositive issue of the defendant's claim of justifiable use of force was for the jury to decide: "[I]t is a question of fact as to whether defendant's belief was reasonable or unreasonable. By refusing to give a second degree murder instruction, the trial court took [that] factual determination from the jury." *Id*.

¶ 15　　As we made clear in our initial decision, the facts in the instant case were "diametrically opposed." *Billups*, 404 Ill. App. 3d at 12. The opposing versions of the events leading to the shooting of the deceased clearly supported instructing the jury on self-defense. For the jury to decide that the defendant's claim of self-defense was imperfect, the defendant was not compelled to argue that he had an unreasonable belief in the need to use force. *Washington*, 2012 IL 110283, ¶ 35. The determination of whether the defendant's belief in self-defense was unreasonable was solely within the province of the jury. *Id.* ¶ 48. Like the supreme court in *Washington*, "we cannot say that the result of the trial would not have been different had the jury received a second degree murder instruction." *Id.* ¶ 60. The instant defendant's clear testimony that he acted in self-defense "foreclosed any finding that the evidence of murder was overwhelming." *Id.* ¶ 30 (citing *O'Neal*, 104 Ill. 2d at 409).

¶ 16　　To ensure that the defendant's claim of justifiable use of force and all of its implications, including whether his belief was unreasonable, are resolved by the ultimate trier of facts, the jury, we reverse and remand for a new trial.

¶ 17                                     CONCLUSION

¶ 18       We reconsidered our original decision in this matter in light of *People v. Washington*, 2012 IL 110283. The *Washington* court reaffirmed the rule in *Lockett* that *mandates* instructing the jury on second degree murder whenever the evidence supports instructing the jury on justifiable use of force. As in *Washington*, the evidence in this case, with the defendant testifying in clear support of his claim of self-defense, was diametrically opposed. As the supreme court did in *Washington*, we reject the State's contention that the instruction error was harmless.

¶ 19       Reversed and remanded for a new trial.