2019 IL App (1st) 171333-U

FIFTH DIVISION
Order filed: December 6, 2019

No. 1-17-1333

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 93 CR 10092 |
| | ) | |
| RAPHAEL REGALADO, | ) | Honorable |
| | ) | Geary W. Kull, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1   *Held*: The judgment of the circuit court is affirmed where it properly denied the defendant's motion for leave to file a successive postconviction petition.

¶ 2   The defendant, Raphael Regalado, appeals from the denial of his *pro se* motion for leave to file his second successive petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(f) (West 2016)). The defendant argues that the circuit court erred in denying him leave to file his petition where he satisfied the cause-and-prejudice test. For the reasons that follow, we affirm.

¶ 3    Following a jury trial, the defendant was convicted of first-degree murder as a result of a gang-related shooting, on April 5, 1993, that caused the death of a bystander. The evidence at trial was detailed in our prior Rule 23 Order (*People v. Regalado*, No. 1-96-0500 (1997)), but we briefly summarize relevant facts and procedural history to assist in the resolution of this appeal.

¶ 4    During the sentencing hearing, the State presented evidence in aggravation of the defendant's past crimes including, *inter alia*, the defendant's prior conviction in 1988 for misdemeanor unlawful use of a weapon (UUW) (Ill. Rev. Stat. 1987, ch. 38, ¶ 24-1-(a)(4)), his 1989 conviction for UUW by a felon (Ill. Rev. Stat. 1987, ch. 38, ¶ 24-1.1(a)), his 1992 arrest for possession of ammunition, his 1993 arrest for aggravated assault with a Ninja club, and his 1994 UUW arrest for having a gun while on bond for the instant case. In mitigation, the defense presented the testimony of the defendant's wife, with whom he lived and had a child, and the defendant made a statement apologizing to the victim's family.

¶ 5    Prior to sentencing the defendant, the trial court spent a significant amount of time discussing the seriousness of the crime, stating that, in firing his gun, the defendant showed a "disregard for human life" and "a total and utter disregard for the safety of anyone in that vicinity." The circuit court stated that the defendant has been found guilty of murder, "the most serious offense that our jurisdiction, any jurisdiction, any society, [and] any country has," and that such behavior cannot be tolerated. The circuit court further stated, "There is ever a reoccurring theme here that troubles this Court of a firearm being involved in and about Mr. Regalado's life." The circuit court described the defendant as a "danger to society" as, under similar circumstances, he would "pick up that gun again and use it." The trial court sentenced the defendant to 60 years' imprisonment, reasoning that its concern was for the safety of the public and stating:

"[The defendant] is not being given a life sentence. He is not being given a death sentence. He's not going to be given extended term, but I do think the factors in aggravation presented to this Court and all the other factors brought to my attention during this trial and sentencing hearing does justify a sentence of sixty years."

¶ 6    On direct appeal, the defendant argued that the trial court erred, under *People v. Lockett*, 82 Ill. 2d 546 (1980), by refusing his request for a jury instruction on second-degree murder.  We rejected his argument and affirmed his conviction. *Regalado*, No. 1-96-0500 (1997).

¶ 7    In March of 1998, the defendant filed a postconviction petition arguing, in pertinent part, that his counsel on direct appeal was ineffective for failing to properly argue the basis for a second-degree murder instruction and that his trial counsel was ineffective for failing to request a fitness hearing based on his use of methadone during trial.  The circuit court summarily dismissed the petition, and the defendant appealed.  We reversed and remanded the cause for further proceedings on the grounds that the defendant's allegations of ineffective assistance on the fitness hearing issue were supported by evidence. However, we affirmed the dismissal of the defendant's claim regarding the second-degree murder instruction, finding it was barred under *res judicata. People v. Regalado*, No. 1-98-2009 (1999) (unpublished order under Supreme Court Rule 23).  On remand, the defendant proceeded on the fitness hearing issue. The State moved to dismiss the petition and the circuit court granted the motion to dismiss.  We affirmed that dismissal on appeal. *People v. Regalado*, No. 1-00-2659 (2002) (unpublished order under Supreme Court Rule 23).

¶ 8    On April 21, 2010, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) 735 ILCS 5/2-1401 (West 2010). In his

petition, the defendant argued that the trial court failed to consider pertinent mitigating evidence during sentencing and that it unfairly sentenced him to a 60-year term as a punishment for exercising his right to a jury trial instead of pleading guilty. The circuit court denied the petition. The defendant appealed the circuit court's denial of his section 2-1401 petition and we remanded the cause to the circuit court for further proceedings pursuant to section 2-1401 of the Code and *People v. Laugharn*, 233 Ill. 2d 318, 323 (2009). On remand, the circuit court denied the petition and we affirmed that denial on appeal. *People v. Regalado*, 2012 IL App (1st) 112282-U.

¶ 9    On April 24, 2012, the defendant filed his *pro se* motion for leave to file a successive postconviction petition.  In his motion, the defendant alleged, *inter alia*, that he had "clear and convincing evidence" of his actual innocence that was previously unavailable.  The defendant also argued that, under *People v. Washington*, 2012 IL 110283, the supreme court corrected a misinterpretation of *Lockett*, 82 Ill. 2d 546 by the appellate court and stated, unequivocally, that a second-degree murder instruction must accompany a self-defense instruction.  He contended that, under *Washington,* the failure to give the second-degree murder instruction deprived him of his right to have the jury make the factual determination as to whether his subjective belief in the need to use force may have been unreasonable, and that this omission cannot be regarded as harmless error. See *Washington*, 2012 IL 110283, ¶¶ 47-48, 57.  The circuit court denied his motion, noting that the claims in the petition "failed to assert any newly discovered evidence that would likely affect the outcome of the trial." The defendant appealed the denial of his motion and, on September 5, 2014, we affirmed the circuit court's denial of the motion for leave to file a successive postconviction petition asserting that the defendant suffered no prejudice. *People v. Regalado*, 2014 IL App (1st) 121827-U.

¶ 10    On April 17, 2015, the defendant filed a second *pro se* section 2-1401 petition arguing that the judgment of the trial court, sentencing him to 60 years' imprisonment, was void. The defendant maintained that his rights were violated when "the Honorable court recited a list of aggravating factors, into consideration of a statute that has been void." The defendant argued that, because the circuit court considered his previous convictions and arrests for UUW under a constitutionally invalid statute, it would be "fundamentally unfair" to deny him a new sentencing hearing in light of *People v. Aguilar*, 2013 IL 112116, ¶ 20. On July 10, 2015, the circuit court denied the petition, determining that it was speculative in nature. On July 20, 2015, the defendant moved to withdraw his petition, and, on July 24, 2015, the circuit court vacated its denial of the petition and granted the motion to withdraw without prejudice. On August 4, 2015, the petitioner filed an appeal from the circuit court's July 10, 2015 order, followed by a motion to dismiss the appeal, which we granted on August 16, 2017. *People v. Regalado*, No. 1-15-2706 (2017) (dispositional order).

¶ 11    On January 13, 2016, the defendant filed a motion for a new sentencing hearing, claiming that the trial court's comments at sentencing revealed a reliance on a statute that was held unconstitutional in *Aguilar*, 2013 IL 112116, ¶ 20. Specifically, the defendant maintained that the seventh circuit in *Moore v. Madigan*, 702 F. 3d 933, 942 (7th Cir. 2012) and the supreme court in *People v. Aguilar*, 2013 IL 112116, ¶ 20, determined that the provision under which he was convicted for UUW—Ill. Rev. Stat. 1987, ch. 38, ¶ 24-1(a)(4)— was unconstitutional.[1] The circuit court denied this motion as untimely.

---

[1] We note that the supreme court, in *People v. Webb*, 2019 IL 122951, ¶ 21, recently confirmed that section 24-1(a)(4) is unconstitutional.

¶ 12    On October 14, 2016, the defendant filed his *pro se* motion for leave to file his second successive postconviction petition, which is the subject of this appeal. In his motion, the defendant alleged that, the circuit court erroneously "weighed extensively on aggravating factors at sentencing," namely, his prior convictions for UUW based on an unconstitutional statute and, consequently, he is entitled to a new sentencing hearing.

¶ 13    On February 17, 2017, the circuit court denied the defendant's motion for leave to file a second successive postconviction petition. This appeal followed.

¶ 14    The defendant's sole argument on this appeal is that the circuit court erred in denying his motion for leave to file his second successive postconviction petition where he satisfied the cause-and-prejudice test. Specifically, the defendant maintains that, when sentencing him to 60 years' imprisonment, the trial court improperly relied on his 1988 and 1989 convictions for UUW, and in light of *Moore v. Madigan*, 702 F. 3d 933, 942 (7th Cir. 2012) and *People v. Aguilar*, 2013 IL 112116, ¶ 20, the statute under which he was convicted was unconstitutional and should not have been considered. The defendant maintains that his pleading established cause because he was sentenced 15 years before *Aguilar* was decided, and he could not have challenged his sentence or prior convictions until those convictions were ruled unconstitutional. The defendant asserts that his pleading established prejudice because his prior constitutionally invalid convictions were "heavily relied upon" during sentencing. We disagree.

¶ 15    The purpose of the Act is to allow a defendant to assert that, in the proceedings which resulted in his conviction, there was a substantial denial of his constitutional rights. 725 ILCS 5/122-1(a) (1) (West 2016). The scope of the proceeding is limited to constitutional issues relating to the conviction or sentence that were not or could not have been adjudicated on direct appeal.

*People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002). To this end, the Act permits the filing of only one petition, unless the petitioner obtains leave of court. 725 ILCS 5/122-1(f) (West 2016); *People v. Davis*, 2014 IL 115595, ¶ 14. Leave is granted only when the defendant demonstrates "cause" for his failure to bring the claim in his initial post-conviction proceeding, and "prejudice" which results from that failure. 725 ILCS 5/122-1(f) (West 2016); see *Pitsonbarger*, 205 Ill. 2d at 459; *People v. Flores*, 153 Ill. 2d 264, 279 (1992). To establish "cause," the defendant must identify an objective factor external to the defense which impeded his ability to raise the claim in an earlier proceeding. *Davis*, 2014 IL 115595 at ¶ 14. To establish "prejudice," the defendant must demonstrate that the claim not raised during the initial postconviction proceedings "so infected the entire trial that the resulting conviction or sentence violates due process." *Id.*; 725 ILCS 5/122-1(f) (West 2016). Both elements of the test must be satisfied to justify relief under the Act. *Davis*, 2014 IL 115595 at ¶ 14. We review *de novo* the circuit court's denial of leave to file a successive postconviction petition. *Edwards*, 2012 IL App (1st) 091651, ¶ 25.

¶ 16    We first address the defendant's argument that he was prejudiced by the trial court's consideration of his previous UUW convictions based on a statute which was later declared to be unconstitutional. We afford great deference to the trial court's judgment on matters of sentencing (*People v. Alexander*, 239 Ill. 2d 205, 212-13 (2010)), but a matter may be remanded for resentencing where a trial court relies upon improper sentencing factors. *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 18. However, not every sentencing error mandates a new sentencing hearing and we will affirm the trial court's sentence if the record reflects that the weight placed on the improperly considered aggravating factor was so insignificant that it did not result in a greater sentence. *People v. Bourke*, 96 Ill. 2d 327, 332 (1983). Where, despite the sentencing error, a

defendant "would have received the same sentence," remandment is not required. *People v. Chromik*, 408 Ill. App. 3d 1028, 1050 (2011). We may determine whether the trial court improperly considered a conviction based on an unconstitutional statute, even if we may not vacate that conviction itself. *People v. Billups*, 2016 IL App (1st) 134006, ¶ 12.

¶ 17     With respect to the defendant's contention that he was prejudiced by the trial court's consideration of his prior convictions for UUW, we conclude that any consideration of the convictions by the trial court did not result in a greater sentence. The defendant's 1988 and 1989 convictions for UUW were only two of his eight prior offenses highlighted by the State. Moreover, the trial court spent a great deal of time focusing on the seriousness of the offense of first-degree murder as well as the need for the defendant's rehabilitation and the need to keep the public safe from the defendant. The court made a passing reference to the fact that the defendant's past crimes have often involved guns. The court also mentioned that it considered the aggravating factors and "all other factors" brought to its attention and ultimately concluded that the defendant is a danger to society based on his first-degree murder offense and his act of "unload[ing] a firearm in a high, densely populated area."

¶ 18     The trial court never specifically mentioned either of the defendant's previous convictions for UUW in announcing its sentence. While the trial court made a passing reference to the defendant's association with guns, the factor primarily discussed and emphasized by the trial court during sentencing was the serious nature of the defendant's crime—taking a life. This was the most important sentencing factor, which alone could support a maximum sentence regardless of other factors. See *Jones*, 2014 IL App (1st) 120927, ¶ 55.

¶ 19    In determining whether reversible error occurred at sentencing, a reviewing court should consider the record as a whole. *People v. Miller*, 2014 IL App (2d) 120873, ¶ 37. Based on our review of the entire sentencing proceedings, we conclude that any weight afforded the defendant's previous convictions for UUW was so insignificant that it did not lead to a greater sentence, as the court was focused on the seriousness of the offense. *Bourke*, 96 Ill. 2d at 332. Because we find that the weight afforded the previous convictions, if any, was insignificant, we find that the defendant's pleading did not and could not establish the "prejudice" prong of the cause-and-prejudice test. Having determined that the defendant failed to establish prejudice, we need not address the "cause" prong of the cause-and-prejudice test as both elements of the test must be satisfied to justify relief under the Act. *Davis* at ¶ 14. Accordingly, we affirm the circuit court's denial of the defendant's motion for leave to file a successive postconviction petition.

¶ 20    Affirmed.