(No. 47680.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ERNEST LEE BRATCHER, Appellee.

*Opinion filed May 28, 1976.—Rehearing denied June 28, 1976.*

William J. Scott, Attorney General, of Springfield, and
Basil G. Greanias, State's Attorney, of Decatur (James B.

Zagel, Jayne A. Carr, and Thomas Connors, Assistant Attorneys General, of Chicago, and Jerry Finney, Assistant State's Attorney, of counsel), for the People.

Richard J. Wilson, Deputy Defender, Office of State Appellate Defender, of Springfield (Richard J. Geddes, Assistant Defender, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Following a jury trial in the circuit court of Macon County, defendant, Ernest Lee Bratcher, was convicted of one count of aggravated battery and sentenced to 2 to 10 years in the penitentiary. The conviction resulted from the charge that defendant struck Officer Robert Moore while the officer was performing official duties. Defendant was acquitted of a second count of aggravated battery involving Officer Donald Resch. On appeal, the appellate court affirmed the conviction, but remanded the cause for resentencing. (*People v. Bratcher,* 29 Ill. App. 3d 202.) The appellate court held that the proper sentence for the offense of aggravated battery under section 12—4(b)(6) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(6)) was a term of imprisonment "in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to 5 years." (29 Ill. App. 3d 202, 205-06.) We granted the State leave to appeal in which it maintains the appellate court misinterpreted the penalty provision under the aggravated battery statute. The defendant raises an additional issue on review, which is properly cognizable in this appeal (Ill. Rev. Stat. 1975, ch. 110A, pars. 612(b), 318(a)), of whether the trial court erred in not giving an instruction to the jury on self-defense.

The facts presented at trial may be briefly summarized. Robert Moore, a Decatur police officer, testified that on July 4, 1973, he was in uniform, on patrol with

Officer Donald Resch. At approximately 1:57 a.m., they observed a car traveling erratically and at a high rate of speed. They stopped the car and Moore spoke to the woman driver, who was the sole occupant. He suspected she was intoxicated and asked her to perform certain physical tests. She agreed, and following the tests, Moore decided to issue a single citation for improper lane usage. He returned to his squad car to write the citation. While sitting in the car, he saw the defendant approach the scene and speak to the woman driver. The defendant then came over to the squad car and asked whether the officers would give the woman "a break." Moore replied that he was only issuing one citation, although he could, properly, issue more. Moore detected the smell of alcohol on defendant's breath. The defendant continued to insist that the officers give the woman a break, otherwise he said the officers would be forced to arrest him. Both officers stepped out of the car. Defendant retreated a few feet and raised his arms in a "squaring off" position. Moore drew his nightstick, did not raise it, and advised the defendant three different times to leave the area. The defendant refused each request and repeated his original statement. Moore then informed the defendant he was under arrest and ordered him to assume a "frisk position" against the squad car. Defendant appeared to comply, but as Moore was returning his nightstick to his belt, the defendant turned and struck him on the side of the head. Officer Resch then hit the defendant over the head with his nightstick, and defendant started swinging wildly. Eventually the defendant was subdued. Resch's testimony corroborated the facts as Moore had related them.

Another officer, Donald Brooks, testified that he interviewed the defendant later that morning. The defendant admitted to him that he had struck the officer but stated that he felt "they were going to whip him" and he swung first. He also stated that when he has been drinking if anyone says something out of place to him he becomes

upset and likes to fight. William Long, the defendant's parole officer for an unrelated matter, saw him the next day, July 5. He stated that the defendant made similar admissions to him.

Defendant testified and conceded that he had been drinking and had repeatedly been asked to leave the area. He said that both officers had their nightsticks raised when they stepped out of the squad car. Neither officer told him he was under arrest, but shoved him against the squad car. Defendant decided to leave the area and had taken a step away when he was again shoved from behind. He said that he was not placed in fear by the officer's action, but that the second shove surprised him and made him angry and, in an automatic reaction, he turned and hit the officer. According to the defendant, Moore then told him he would be taught a lesson and both officers beat him.

Following the presentation of evidence, the defense tendered Illinois Pattern Jury Instruction (I.P.I.) Criminal No. 24.06 (1968), which defines justifiable use of force in self-defense:

> "A person is justified in the use of force when and to the extent that he reasonably believes that such conduct is necessary to defend himself against the imminent use of unlawful force."

The trial court refused this instruction, holding that "this is not a self-defense case because the first use of force, the first blow, was by the defendant and that is supported by his testimony that he then struck Officer Moore without any blow or force having been used; that the only possible force by his testimony was where the officer shoved him trying to get him to leave the scene ***."

The I.P.I. instruction on self-defense is taken directly from section 7–1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 7–1), which defines the justifiable use of force in defense of a person. The Committee Note to this instruction further cites sections 7–14 and 3–2 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, pars. 7–14,

3—2). The former section states that a defense of justifiable use of force is an affirmative defense, and the latter section requires that unless the State's evidence raises the issue involving the alleged affirmative defense, the defendant must present some evidence thereon. The Committee Comments to section 7—1 state that a person "must actually believe that the danger [of harm] exists [and] that his use of force is necessary to avert the danger \*\*\*." Ill. Ann. Stat., ch. 38, par. 7—1, at 364 (Smith-Hurd 1972).

Accepting defendant's version of the incident, his own testimony discloses that he was not in fear at the time he struck the officer, and that his action was an automatic reaction to the officer's touch. He specifically testified that he struck out in anger and surprise. It is clear from this testimony that defendant was not prompted by an effort to protect himself from the imminent use of unlawful force by another. No evidence was presented to show that any contact by the officer with the defendant was unlawful.

We find the defendant's comment to Officer Brooks, that he felt the officers "were going to whip him," insufficient to warrant submitting the issue of self-defense to the jury, especially in light of the defendant's own testimony which reveals a clearly opposite motivation for his action. While this court has repeatedly held that "[a] defendant is entitled to the benefit of any defense shown by the entire evidence, even if the facts on which such defense is based are inconsistent with the defendant's own testimony" (*People v. Scalisi,* 324 Ill. 131, 145; *People v. Papas,* 381 Ill. 90, 96; *People v. Izzo,* 14 Ill.2d 203, 211), and that "very slight evidence upon a given theory of a case will justify the giving of an instruction" (*People v. Khamis,* 411 Ill. 46, 53; *People v. Kalpak,* 10 Ill.2d 411, 425), the evidence presented in this case is insufficient to meet that minimal level. To hold otherwise would permit a defendant to demand unlimited instructions, which are

wholly unrelated to the case but are based upon the merest factual reference or witness's comment. Accordingly, we find that the trial court did not err in refusing the instruction.

At the time of defendant's conviction, the aggravated battery statute under which he was sentenced contained inconsistent provisions on the maximum penalty that could be imposed upon him. The statute provided, in pertinent part:

> "(b) A person who, in committing a battery either:
>
> * * *
>
> (6) Knows the individual harmed to be a peace officer *** while such officer is engaged in the execution of any of his official duties including arrest or attempted arrest;
>
> * * *
>
> (9) *** commits aggravated battery and shall be imprisoned in a penal institution other than the penitentiary not to exceed one year or in the penitentiary from one to 5 years.
>
> * * *
>
> (d) Sentence.
> Aggravated battery is a Class 3 felony." Ill. Rev. Stat. 1973, ch. 38, par. 12—4.

The description of aggravated battery as a Class 3 felony in subsection (d) is inconsistent with the penalty provision contained in subsection (b)(9), which provides for a sentence not to exceed 1 year in a penal institution other than the penitentiary, or 1 to 5 years in the penitentiary. Under section 5—8—1(b)(4) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(4)), the proper term of imprisonment for a Class 3 felony is any term in excess of 1 year not exceeding 10 years.

The State maintains, and correctly so (see Council Commentary, Ill. Ann. Stat., ch. 38, at 57 (Smith-Hurd 1973)), that when the legislature enacted the Unified Code of Corrections, effective January 1, 1973, it intended to streamline the previous unwieldly law on sentencing,

whereby each criminal statute contained its own penalty provision, and to create a comprehensive system classifying all cognizable offenses by providing that the sentence which could be imposed upon conviction be governed by the classification. Accordingly, the State argues that the failure to delete the penalty provision of subsection (b)(9) was a legislative oversight. In support of this position, the State points out that the legislature subsequently passed an amendment to this subsection, Public Act 79—1001, effective October 1, 1975, which specifically deleted the 1 to 5-year penalty provision.

Prior to the Unified Code of Corrections, subsections (a), (b) and (c) of section 12—4 each contained its own penalty. (Ill. Rev. Stat. 1971, ch. 38, par. 12—4.) Public Act 77—2638, effective January 1, 1973, amended this section by deleting the penalty provisions of subsections (a) and (c) and by adding subsection (d), which provided that "[a] ggravated battery is a Class 3 felony." (Laws of 1972, at 1733-34.) The amendment, however, made no reference to the penalty provision of subsection (b)(9).

In resolving this ambiguity, the defendant contends that we should look to section 5—5—2 of the Unified Code of Corrections, which, he argues, provides a solution to the question at issue. That section states, in pertinent part, that "[a] ny unclassified offense which is declared by law to be a felony or which provides a sentence to a term of imprisonment for one year or more shall be a Class 4 felony." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—5—2(a).) The penalty provision for a Class 4 felony, however, provides that "the maximum term shall be any term in excess of one year not exceeding 3 years." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(b)(5).) Defendant, therefore, would inject a third possible penalty for a violation of the aggravated battery statute. Since the primary function in construing a statute is to give effect to the intention of the legislature (*People v. Scott,* 57 Ill.2d 353, 358), this argument must be rejected. It was the legisla-

ture's obvious intent that the penalty for a violation of subsection (b) should be either a possible sentence of 1 to 5 years or a Class 3 felony with a maximum sentence of 1 to 10 years.

As stated, the prime consideration in construing a statutory enactment is to give effect to the intent of the legislature. In ascertaining this intent, the entire statute must be considered (*People ex rel. Morrison v. Sielaff,* 58 Ill.2d 91, 93), and also "the evil to be remedied and the object to be attained" (*People ex rel. Simpson v. Funk-houser,* 385 Ill. 396, 403). Subsequent amendments to a statute may be an appropriate source for discerning legislative intent. (*People v. Scott,* 57 Ill.2d 353, 358.) "[I] f the main intent and purpose of the legislature can be determined from a statute, words may be modified, altered or even supplied so as to obviate any repugnancy or inconsistency with the legislative intention." *Community Consolidated School District No. 210 v. Mini,* 55 Ill.2d 382, 386, and cases cited therein.

Reviewing the statute in question, we find that it was the legislature's intention that all violations of section 12—4, including subsection (b), should be a Class 3 felony as expressed in subsection (d). Clearly, had the legislature intended to retain the penalty provision of (b)(9), it would have clarified the provision of subsection (d) to avoid any possible ambiguity. This interpretation is buttressed by the 1975 amendment to this subsection, which we view not as a substantive change in the law, but rather as a clarification of the oversight in failing to delete the provision.

While penal statutes are to be strictly construed in favor of an accused (*People v. Isaacs,* 37 Ill.2d 205, 215), they must not be construed so rigidly as to defeat the intent of the legislature (*Zellers v. White,* 208 Ill. 518, 526). The circuit court of Macon County, therefore, properly considered the offense in question to be a Class 3 felony for which a sentence of 1 to 10 years may be imposed.

Accordingly, that portion of the judgment of the appellate court affirming defendant's conviction is affirmed, and that portion of the judgment reversing the sentence and remanding the cause for resentencing is reversed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed.*