THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
H. W. FOY, Defendant-Appellee.

First District (4th Division)  Nos. 77-1968 through 77-1970 cons.

Opinion filed June 22, 1978.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Burfeind, Schlickman & Clarke, of Arlington Heights (John B. Clarke, Leonard F. Perkins, and Paul Seeley, of counsel), for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Defendant, H. W. Foy, was charged in three multicount indictments with numerous violations of the Illinois Controlled Substances Act, which allegedly took place from June 5, 1975, through May 4, 1976. (Ill. Rev. Stat. 1975, ch. 56½, par. 1100 *et seq.*) Forty-two of the counts against defendant concerned the substance "phendimetrazine." The trial court dismissed these counts of the indictments after defendant had claimed that phendimetrazine was not a controlled substance under section 208 of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1208(b)(6)), and the State appealed. Ill. Rev. Stat. 1977, ch. 110A, par. 604(a).

The controversy here arises from the fact that at the time defendant allegedly committed the offenses charged in the indictments, section

208(b)(6) of the Controlled Substances Act contained the term "pheudimetrazine," not "phendimetrazine," as alleged in the indictments. The State maintains the term was simply misspelled and, alternatively, that the substance was controlled by virtue of section 201(d) of the Act which provides for scheduling of substances previously scheduled under Federal law. Ill. Rev. Stat. 1975, ch. 56½, par. 1201(d).

■■■ The prime consideration in construing a statute is to give effect to the legislative intent and, in ascertaining this intent, subsequent legislative amendments to the statute may be an appropriate source for discerning legislative intent. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 543, 349 N.E.2d 31, 35.) A letter from the chief of the Regulatory Control Division of the United States Department of Justice Drug Enforcement Administration, dated November 3, 1977, to Assistant State's Attorney John Scotillo was introduced into evidence by stipulation at the hearing in the trial court. This letter stated that a search of the sources of chemical nomenclature and an inquiry by two senior chemists employed by the Department of Justice revealed no reference to a chemical substance "pheudimetrazine" or to any chemical the spelling of which begins with the first four letters "pheu." It was also stipulated that the substance "phendimetrazine" was scheduled as a controlled substance by Federal law in June 1973 (see *United States v. Pastor* (2d Cir. 1977), 557 F.2d 930) and by the Illinois Department of Law Enforcement, effective March 1, 1974. The General Assembly, by Public Act 80-472, which became law on September 3, 1977, inserted the term "phendimetrazine" in place of the term "pheudimetrazine" in section 208 of the Act. We conclude that the intent of the legislature was not to ban an unknown and unexisting substance, pheudimetrazine, but to ban phendimetrazine and, through some legislative oversight, this technical term, contained in the statute along with many other technical terms, was simply misspelled. Public Act 80-472 was a legislative clarification of the meaning of the statute, not a substantive change, and the trial court erred in construing the statute.

However, defendant contends that penal statutes must be strictly construed in favor of the accused (*People v. Isaacs* (1967), 37 Ill. 2d 205, 226 N.E.2d 38), and that the statute did not adequately give notice of the prohibited behavior, citing *Baggett v. Bullitt* (1964), 377 U.S. 360, 12 L. Ed. 2d 377, 84 S. Ct. 1316.

■■ We find that the statute, despite the misspelling, was not unconstitutionally vague and did not deny defendant due process of law. For a statute to be so vague as to deny due process of law, persons of common intelligence must necessarily guess at its meaning. (*Bart v. Department of Law Enforcement, Division of State Police* (1977), 52 Ill. App. 3d 487, 492, 367 N.E.2d 773, 777.) We believe it is clear to persons of

ordinary intelligence that phendimetrazine was the substance the legislature intended to ban. The counts of the indictments charging defendant with possessing and illegally dispensing phendimetrazine, therefore, did state an offense under section 208(b)(6).

The State also argues that defendant was properly charged with an offense under section 201(d) of the Act. (Ill. Rev. Stat. 1975, ch. 56½, par. 1201(d).) Section 201(d) provides that if a substance is controlled under Federal law and notice is given to the Dangerous Drugs Commission of the State of Illinois, the Commission shall similarly control the substance under this Act after the expiration of 30 days from publication in the Federal Register, unless within that period the Commission objects, or a party adversely affected files written objections with the Commission, in which case a hearing is provided. Defendant apparently does not question the procedure by which phendimetrazine was scheduled pursuant to section 201(d), but contends that all of section 201 was held invalid by the Illinois Supreme Court in *People v. Avery* (1977), 67 Ill. 2d 182, 367 N.E.2d 79. In our opinion, the decision of the supreme court in *Avery* did not hold section 201(d) invalid. Rather, section 201(d) contains the notice provisions, the lack of which the supreme court found objectionable when construing section 201(b) prior to the amendment of the latter subsection. *Avery*, 67 Ill. 2d 182, 188.

The trial court, therefore, erred in dismissing the counts of the indictments concerning phendimetrazine. For the reasons stated, the order dismissing the indictments is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

ROMITI and LINN, JJ., concur.