THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DERRICK HARMON, Defendant-Appellant.
First District (5th Division)   No. 1—88—2362

Opinion filed June 15, 1990.

Randolph N. Stone, Public Defender, of Chicago (Irene D. Cavanaugh,
Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Jane E. Loeb, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

Following a bench trial, defendant, Derrick Harmon, was found guilty of battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—3) and fined $90. On appeal, defendant contends that the State failed to prove beyond a reasonable doubt that he did not act in self-defense. We affirm.

The complaining witness, Werdell Huberty, testified on behalf of the State that at 1 a.m., on March 20, 1988, he had just begun his shift as a security guard at Burger King in Evanston, Illinois. He was dressed in uniform and carried a baton and handcuffs. The security guard whom he relieved advised him to keep watch over a certain group of boisterous customers seated at one of the tables. When he saw these customers filling their drinking cups from a one-liter Coca-Cola container, which apparently had not been purchased on the premises, he asked them to leave. He then observed defendant, who was a member of that group, remove flowers and dirt from an adjacent planter and scatter them on the floor. Afterwards, defendant went to the men's room, while a Burger King employee summoned the police.

Complainant approached defendant as he came out of the men's room and informed him that he would have to remain in the restaurant to await the police, who were on their way. Defendant refused and walked around complainant, towards the exit doors. Complainant followed defendant and again demanded that he remain in the restaurant, stating that if he refused he would have to be handcuffed, but defendant pushed him in the chest, causing him to hit a wall. Complainant responded by striking defendant on the back of the head with the baton. Defendant then ran out of the restaurant.

Defendant testified on his own behalf that at 1 a.m. on March 20, he was at the restaurant with his girlfriend, Joann Greaves. When he came out of the men's room, complainant, who was then holding a "billy club" with both hands, hit him on the chin and ordered him to remain in the restaurant. Defendant testified that he attempted to leave, but complainant came behind him and struck him twice on the back of the head and caused him to fall. He then got back on his feet and pushed complainant into what appeared to be a garbage can. Defendant admitted that he was playing with the plant, but denied throwing the plant onto the floor.

Joann Greaves testified on behalf of defendant that when defendant came out of the men's room she heard complainant admonish

defendant to remain in the restaurant. At this point, she turned her head in another direction, and when she turned back a few minutes later, she saw complainant hit defendant on the back of the head. She was not asked to testify about the relative positions of defendant and complainant when the blow was struck.

At the conclusion of the closing arguments, the trial judge stated that he found complainant's testimony to be "totally credible," but found defendant's testimony to be "totally incredible." Moreover, he stated that Greaves' testimony "substantiate[d]" complainant's testimony. He then found defendant guilty of battery and fined him $90.

On appeal, defendant contends that the State failed to prove beyond a reasonable doubt that he did not act in self-defense. We disagree.

■■ ■ Generally, once the issue of self-defense is interposed by the introduction of some evidence, a requirement satisfied by defendant's testimony in this case, it becomes the State's burden to prove defendant guilty beyond a reasonable doubt as to that issue together with all other elements of the offense. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 349 N.E.2d 31; *People v. Cochran* (1989), 178 Ill. App. 3d 728, 533 N.E.2d 558.) The elements of self-defense include the following:

"(1) that the force is threatened against a person; (2) that the person threatened is not the aggressor; (3) that the danger of harm is imminent; (4) that the force threatened was unlawful; (5) that the person threatened must actually believe: (a) that a danger exists, (b) that the use of force is necessary to avert the danger, (c) that the kind and amount of force which he uses is necessary; and (6) that the above beliefs are reasonable." (*People v. Ross* (1981), 100 Ill. App. 3d 1033, 427 N.E.2d 955.)

When, in the judgment of the trier of fact, any of the evidence adduced at trial negates the existence of any one of these elements beyond a reasonable doubt, the State has carried its burden. *People v. Seiber* (1979), 76 Ill. App. 3d 9, 394 N.E.2d 1044.

■■ ■ In raising the issue of self-defense, defendant contends that complainant was the aggressor. While admitting that he pushed complainant, defendant testified that the pushing occurred only after complainant struck him on the head. Complainant testified that he struck defendant only after defendant pushed him against a wall. Thus, according to complainant, it was defendant who initiated the physical contact. The trier of fact was not compelled to accept defendant's version of the incident (*Seiber*, 76 Ill. App. 3d 9, 394 N.E.2d 1044), and in fact, specifically rejected that version, stating that defendant's tes-

timony was "totally incredible." Therefore, in accepting complainant's testimony, the trial court reasonably could have concluded that defendant, not the complainant, was the aggressor.

Moreover, defendant concedes that complainant had a right to detain him under section 7—6 of the Illinois Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 7—6). Section 7—6 provides, in conjunction with section 7—5 (Ill. Rev. Stat. 1987, ch. 38, par. 7—5), which it incorporates by reference, that a private citizen making a lawful arrest is normally justified in the use of force which he reasonably believes to be necessary to effect the arrest short of force which can cause death or great bodily harm. (Ill. Rev. Stat. 1987, ch. 38, pars. 7—6, 7—5.) Defendant, however, contends that the force employed by complainant was unlawful insofar as it was excessive and that his pushing therefore was a justifiable response to the excessive force used in detaining him. Defendant's contention would be validly predicated if his version of the incident, that complainant struck him first, had not been rejected by the trier of fact. However, the trier of fact accepted the State's testimony that complainant was pushed before he exercised any force other than a verbal threat to use handcuffs if defendant refused to wait. Accordingly, the trial court could well have found that the threatened use of force by complainant was lawful and therefore did not justify defendant's conduct in pushing the complainant.

Defendant further maintains that complainant's version of the incident was patently false because it would have been impossible for complainant to strike defendant on the back of the head when defendant was facing him. The record, however, discloses that complainant testified that defendant was standing in front of complainant and to his side when struck by the length of the baton, thus making the striking on the back of the head plausible. Defendant also maintains that his testimony was corroborated by Joann Greaves, who testified that she saw complainant strike defendant on the back of the head. The record, however, discloses that Greaves did not observe the events that occurred immediately before the striking, and therefore, she was unable to corroborate defendant's testimony that the striking preceded the pushing. Nor was she asked to corroborate defendant's contention that he was standing with his back to complainant when he was struck.

There is therefore insufficient reason for this reviewing court to substitute its evaluation of the credibility of the witnesses' testimony for that of the trial court. "A reviewing court will not substitute its judgment for that of the trier of fact in matters of weight, credibility,

or conflicting evidence, and will not reverse a conviction unless the evidence is so improbable as to raise a reasonable doubt of guilt." (*People v. Bryant* (1984), 123 Ill. App. 3d 266, 272, 462 N.E.2d 780, 784.) Accordingly, we affirm the trial court's judgment of conviction.

Affirmed.

COCCIA, P.J., and LORENZ, J., concur.