THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FREDERICK LUCKETT, Defendant-Appellant.

First District (6th Division) No. 1—97—2005

Opinion filed May 9, 2003.

Rita A. Fry, Public Defender, of Chicago (Dennis E. Urban, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Alan J. Spellberg, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

The issue in this case is whether it was an abuse of discretion for the trial judge to refuse to instruct the jury on the lesser mitigated offense of second degree murder based on an unreasonable belief in justification (720 ILCS 5/9—2(a)(2) (West 1996)) for the charged offenses of intentional and knowing first degree murder (720 ILCS 5/9—1(a)(1), (a)(2) (West 1996)) where the record reflected evidence that, in self-defense, defendant believed deadly force was justified, but such

belief was unreasonable. Pursuant to the supreme court's supervisory order, we reconsider our original opinion in this case in light of *People v. Morgan*, 197 Ill. 2d 404 (2001). We review the trial court's refusal to instruct the jury on second degree murder under an abuse of discretion standard. *People v. Kidd*, 295 Ill. App. 3d 160, 167 (1998).

Although the trial judge recognized that competing theories supported by the evidence required instructing the jury on felony murder and self-defense, the trial judge refused a second degree murder instruction, reasoning that second degree murder cannot be based on felony murder. That reasoning failed to recognize that while second degree murder cannot be based on felony murder, it can be based on intentional and knowing murder. We find that *Morgan* reaffirms the principle previously followed in our original opinion that competing theories supported by the evidence can require instructing the jury on second degree murder as to intentional and knowing murder, while also instructing the jury on felony murder.

■ Consistent with that principle, the committee note to Illinois Pattern Jury Instructions, Criminal, No. 7.06A (3d ed. Supp. 1996) (hereinafter IPI Criminal 3d No. 7.06A (Supp. 1996)) recognizes that there can be competing theories supported by conflicting evidence where both felony murder and second degree murder instructions are warranted when belief of justifiable use of force is an issue. Where required by the evidence, it is proper to instruct on both felony murder with instruction IPI Criminal 3d No. 7.02A (Supp. 1996) and on second degree murder-belief in justification with IPI Criminal 3d No. 7.06A (Supp 1996). IPI Criminal 3d No. 7.06A, Committee Note, at 68 (Supp. 1996).

We find sufficient evidence in the record to require instructing the jury on both felony murder and second degree murder. The record reflects sufficient evidence for the jury to find that, in self-defense, defendant believed deadly force was justified, but such belief was unreasonable. Defendant requested second degree murder instructions. Based on the evidence, second degree murder instructions should have been given on the charged offenses of intentional and knowing murder.

We reverse and remand for retrial. On remand, the jury should be instructed based on the evidence consistent with the Illinois Pattern Jury Instructions, Criminal.

## BACKGROUND

Frederick Luckett was charged with first degree murder, three counts of attempted first degree murder, and three counts of aggravated discharge of a firearm. Counts I and II charged defendant

with first degree intentional and knowing murder (720 ILCS 5/9—1(a)(1), (a)(2) (West 1994)); counts III, IV and V charged defendant with attempted murder (720 ILCS 5/8—4, 9—1(a) (West 1994)); and counts VI, VII and VIII charged defendant with aggravated discharge of a firearm (720 ILCS 5/24—1.2(a)(2) (West 1994)). Codefendants Robert Foster and Donald Toney, defendant's brother, were also charged with these crimes, but they were tried in separate jury trials and are not involved in this appeal.

At approximately 7 p.m. on the evening of October 10, 1995, 9 or 10 members of the Four Corner Hustlers street gang, including Antoine Harris and his brother Terrance Harris, observed a car drive east past Halsted Street on 123rd Street. Antoine recognized the driver of the car as Toney. Toney and his passengers, Foster and Luckett, were members of the Gangster Disciples street gang. A confrontation occurred during which at some point threats were yelled, Antoine threw a bottle at Toney's vehicle, and shots were fired. Foster and Luckett fired their weapons, a 9-millimeter handgun and a rifle. While Bobby Roberson, Antoine, and Terrance were not injured, Phillip Matthews died from gunshot wounds.

Within an hour of the shooting, based on information from Antoine and other people in the neighborhood, the police arrested Luckett and Foster. Luckett first told the police he was not involved in the shooting, but after being identified in a lineup by Antoine, he admitted his involvement. However, at trial he denied any plan to kill Four Corner Hustlers and maintained he and Foster fired their weapons in self-defense in fear for their lives.

A forensic expert who examined the firearms evidence, including 15 fired cartridge casings, concluded the casings recovered from the scene were consistent with the two recovered weapons; however, three fired bullets, including a .38-caliber bullet from the body of Phillip Matthews, were not discharged from the two weapons fired by Luckett and Foster.

The jury found Luckett guilty of first degree murder of Phillip Matthews, aggravated discharge of a firearm and attempted first degree murder of Bobby Roberson, and aggravated discharge of a firearm of Antoine Harris. The jury found defendant not guilty of attempted murder of Antoine and Terrance Harris and not guilty of aggravated discharge of a firearm of Terrance Harris. Luckett was sentenced to 28 years in prison for the first degree murder conviction to run consecutively with three concurrent 10-year sentences for the attempted first degree murder and aggravated discharge of a firearm convictions. Luckett raises only one issue on appeal: whether it was an abuse of discretion for the trial judge to refuse to instruct the jury on the lesser mitigated offense of second degree murder.

## JURY INSTRUCTIONS

◼ The judge refused to give instructions offered by defense counsel for the lesser mitigated offense of second degree murder based on the charged offenses of intentional and knowing first degree murder. However, the judge did give the jury a self-defense instruction. The State offered felony murder instructions. Although the indictment did not contain a felony murder count and felony murder had not been charged, the jury was given a felony murder instruction predicated on the offense of aggravated discharge of a firearm. Defendant, relying on *People v. Maxwell*, 148 Ill. 2d 116 (1992), recognized in his brief that "[t]he failure of an indictment charging knowing and intentional murder to specifically allege felony murder does not preclude submission to the jury of [an instuction] setting forth that additional theory of felony murder." See *Maxwell*, 148 Ill. 2d at 137-39. Defendant does not challenge the felony murder instruction. Rather, defendant challenges the court's refusal to instruct the jury on second degree murder.

Defendant argues that limiting the jury instructions to felony murder precluded the jury from considering second degree murder where defendant had been charged with intentional and knowing murder and had presented sufficient evidence for the jury to find that, in self-defense, defendant believed deadly force was justified, but such belief was unreasonable. We note the trial judge gave a self-defense instruction but refused to instruct the jury on the lesser mitigated offense of second degree murder as requested by defense counsel. The prosecution maintains there was no evidence to support an instruction for second degree murder. The question as to whether a defendant has met the evidentiary minimum for such an instruction is a matter of law. *People v. Lockett*, 82 Ill. 2d 546, 553 (1980).

### A. Sufficiency of Evidence to Require
### Second Degree Murder Instructions

◼◼ The United States Supreme Court has observed that "[a]s a general proposition[,] a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United States*, 485 U.S. 58, 63, 99 L. Ed. 2d 54, 61, 108 S. Ct. 883, 887 (1988). A person commits second degree murder when he commits the offense of first degree murder and at the time of the killing he believes the circumstances to be such that, if they exist, would justify the use of deadly force under the principles of self-defense, but his belief is unreasonable. 720 ILCS 5/9—2(a)(2) (West 1996).

◼ In determining whether defendant was entitled to second

degree murder instructions because there was sufficient evidence of an unreasonable belief that self-defense was justified, we may consider factors including, but not limited to, the following: the defendant's testimony, intent or motive, the type of wound suffered by the victim, any previous history of violence between defendant and victim, any physical contact between the defendant and victim, and the circumstances surrounding the incident. See *People v. Everette*, 141 Ill. 2d 147, 158 (1990). Applying those factors, we determine whether, based on the evidence, it was an abuse of discretion for the trial judge to refuse defendant's second degree murder instructions.

■ We are also mindful that in the instant case, where the theory of self-defense is raised, evidence of the victim's aggressive or violent character is relevant for the following reasons: (1) to show that defendant's knowledge of the victim's behavior and tendencies affected his perception of, and reaction to, the victim's actions; and (2) to support the defendant's version of the facts where there are conflicting accounts of what happened. *People v. Lynch*, 104 Ill. 2d 194, 199-201 (1984).

The State and defense presented conflicting accounts of what happened. Luckett's testimony described a recent history of previous shooting incidents with the Four Corner Hustlers demonstrating the aggressive or violent character of the Harris brothers. Luckett portrayed the Harris brothers as the aggressors in this case. Luckett denied any plan to shoot rival gang members. Luckett indicated a belief that circumstances existed that justified his use of deadly force. Luckett's testimony repeatedly indicated fear for his life, contradicted the State's witnesses, and provided evidentiary support for a second degree murder instruction. The State contended that Luckett, Foster, and Toney were the aggressors and set into motion a course of felonious conduct resulting in the death of Phillip Matthews.

■ Section 7—4 of the Criminal Code of 1961 restricts the defenses available to a defendant who is an aggressor. 720 ILCS 5/7—4 (West 1996). A justification defense is not available to a defendant "attempting to commit, committing, or escaping after the commission of, a forcible felony." 720 ILCS 5/7—4(a) (West 1996). Therefore, a defendant cannot raise a justification defense if he or she sets into motion a course of felonious conduct. *People v. Mills*, 252 Ill. App. 3d 792, 799 (1993).

■ In the instant case, however, the record reflects a factual dispute as to whether Luckett, Foster, and Toney were the aggressors and set into motion a course of felonious conduct. It is the jury's duty to resolve factual disputes, including the factual issue of identifying the initial aggressor. *People v. Johnson*, 247 Ill. App. 3d 578, 585 (1993).

Thus, when there is sufficient evidence to raise the issue of who initiated the violence and whether the killing occurred during the course of a forcible felony, the jury should be instructed on the defendant's justifiable defenses supported by the evidence. *People v. Robinson*, 163 Ill. App. 3d 754, 761 (1987). Such instruction enables the jury to use the applicable law in making a full and fair evaluation of the competing theories presented by the State and the defense.

Luckett, at trial, described the previous shooting incident from March 24, 1995. He was with his brother, Donald Toney, and a friend, Palmer Helm, in Four Corner Hustler territory near 123rd and Halsted Streets. Antoine Harris, Bobby Roberson, and another Harris brother threatened them by yelling "GDK," which means "Gangster Disciple Killer," and began to fire their weapons at them, shooting Palmer Helm in the chest. Bobby Roberson and Terrance Harris were charged in that shooting. Luckett, in addition to that incident, described another shooting incident that occurred four days before the shooting in this case. Luckett stated that on October 6, 1995, his brother, Toney, told him that he had been chased and shot at by one of the Harris brothers after Toney came from his girlfriend's house.

Regarding the shooting in the instant case, Luckett testified that on October 10, 1995, he took guns with him when accompanying Toney, who was going to his girlfriend's house, because he was afraid the Harris brothers might shoot at them again. When they drove across Halsted Street, Luckett saw and heard 10 or more men shouting the threat "GDK." Luckett stated that Toney stopped the car after one of the Harris brothers threw a bottle that hit and broke the driver's window of Toney's car. At that point, Luckett and Foster got out of the car. Luckett had a rifle in his hand. Luckett testified that the Harris brothers went into their coats to remove guns from their coats, and the Harris brothers and eight other men were coming at them. Luckett testified that he aimed his rifle toward the air to scare them off. Luckett maintained he was not trying to shoot anyone. Luckett testified that he thought the Harris brothers were going to kill him and Foster. Luckett indicated there was an exchange of gunfire. Luckett testified that weapons were fired at him by rival gang members. Luckett repeatedly testified that he feared for his life and that he used force to prevent an imminent threat of death or great bodily harm. Luckett denied any plan or intent to commit a forcible felony.

State witness Antoine Harris, a convicted felon and rival gang member, corroborated Luckett's testimony in part. Regarding the previous shooting, four days before the shooting in the instant case, Antoine admitted that on October 6, 1995, he and Toney, Luckett's older brother, had an argument. Angry words were exchanged and An-

toine was arrested as a result of that argument. Antoine agreed with Luckett that the Gangster Disciples and the Four Corner Hustlers were rival gangs and he regarded Toney as an enemy. Antoine further corroborated Luckett's version of the events in the instant case by admitting that he threw a bottle at Toney's car and jogged toward Toney's car and that there were 9 or 10 Four Corner Hustler gang members in the area that night.

State witness Officer Burrell in part corroborated Luckett's testimony regarding the Palmer Helm shooting from March 13, 1995. Officer Burrell responded to the Palmer Helm shooting and corroborated the fact that Helm was shot and taken to Christ Hospital and that Roberson and Harris were charged.

At trial, Luckett denied any plan to kill Four Corner Hustlers and maintained that he and Foster fired their weapons in self-defense. Other witnesses for the State similarly corroborated Luckett's version of what happened that night regarding exchange of gunfire. Bobby Roberson, another convicted felon and rival gang member, testified for the State that he heard about 30 gunshots fired that night. His testimony also established that this incident took place in three different locations over a period of some time. The fact that according to this witness there was gunfire coming from different locations corroborated the defendant's version of the incident that not only he and Foster fired weapons, but the Four Corner Hustlers exchanged gunfire.

The physical evidence corroborated Luckett's version of the confrontation. The recovery of various bullets from the scene and the .38-caliber bullet recovered from Phillip Matthews that did not match either the rifle or the 9-millimeter weapon fired by Foster and Luckett corroborated Luckett's testimony that weapons were fired by rival gang members at him. Chicago police technician Warner, a State witness, testified that at least three and possibly four guns were responsible for the firearms evidence that he examined in connection with this shooting.

The State contends that because Luckett's testimony was impeached, no reasonable juror could find that Luckett unreasonably believed that he was justified in using deadly force. The State maintains there was no evidence to support an instruction for second degree murder. The State presented a completely different theory of the shooting and portrayed Luckett along with his codefendants as the aggressors who set into motion a course of felonious conduct by entering Four Corner Hustler area with the plan and intent to shoot at rival gang members. The State points out that charges against the Harris brothers for the previous shooting incident from March 24, 1995, were eventually dismissed and Toney in fact never sustained

any gunshot wound in the incident that occurred four days before the shooting in the instant case.

■ The credibility of the defendant, like that of any witness, is a fact question for the jury to decide, and the jury may reject or accept all or part of the defendant's testimony. *People v. Cosme*, 247 Ill. App. 3d 420, 428 (1993). While defendant is entitled to an instruction for a lesser mitigated degree of first degree murder when there is slight evidence in support thereof, this slight evidence must be evidence that a trier of fact could believe. See *People v. Everette*, 141 Ill. 2d 147, 156-57 (1990).

We note that in *People v. Thomas*, 185 Ill. App. 3d 1050, 1054 (1989), where a defendant testified he felt threatened and heard shots coming from the victim's direction, the court found sufficient evidence to warrant instructing the jury on voluntary manslaughter, now second degree murder. Even if inconsistencies exist in the defendant's testimony, the defendant is entitled to the benefit of any defense and instruction supported by the entire evidence. *People v. Bratcher*, 63 Ill. 2d 534, 540 (1976).

In the instant case, the trial judge, "based on the entire evidence in the case," recognized during the instruction conference that there were competing theories factually at issue. The trial judge found defendant was entitled to an instruction on self-defense because that instruction was supported by the evidence and indicated as follows:

"THE COURT: If you use a broad view of self-defense, which the case law says if there's any evidence of self-defense, you have to give an instruction on that issue. *** The jury if they want to accept it can believe there's some evidence of self-defense. It's up to the jury to decide that issue. There is some evidence regarding that particular issue. So, I will give the self-defense instruction. The State can argue that in their opinion there's no evidence that there's self-defense, the defense can argue that there is, and the jury will decide whether they believe there's self-defense in this case or not."

However, later during the same instruction conference the trial judge refused to give second degree murder instructions based on an unreasonable belief in justification requested by defense counsel. The trial judge refused not because the evidence did not support such an instruction, as clearly he had recognized support in the evidence for this theory of defense earlier during the instruction conference when he agreed to instruct on self-defense. Rather, he refused because he believed that, "There's no basis for second degree murder when there's a felony murder charge pending." We note that the same trial judge, two months earlier, gave the jury in codefendant Foster's case both

felony murder and second degree murder instructions. Foster was found guilty of second degree murder and not guilty of felony murder. *People v. Foster*, 309 Ill. App. 3d 1, 2 (1999).

 While second degree murder cannot be based on felony murder, it can be based on intentional or knowing murder. Whether the court should instruct on the offense of second degree murder is fact-driven and is to be determined by the evidence, not solely by the prosecution's choice to instruct the jury on a theory of felony murder. We are aware of cases that have held that where the State prosecutes under a theory of felony murder, an instruction on a lesser degree of murder is not warranted. See *People v. Weathers*,. 18 Ill. App. 3d 338, 345-46 (1974). We are mindful that if the jury finds the murder was committed in the course of a forcible felony, it cannot find the defendant guilty of a lesser degree of murder. *People v. Ellis*, 93 Ill. App. 3d 981, 984 (1981).

In *People v. Taylor*, 212 Ill. App. 3d 351 (1991), the court noted these cases and recognized that, while there are circumstances under which it would not be appropriate to instruct on felony murder and a lesser mitigated offense of murder, under the facts of the *Taylor* case the evidence warranted instructing on both felony murder and involuntary manslaughter. *Taylor*, 212 Ill. App. 3d at 357. There is no question that the holding in *Taylor* was fact-driven. In particular, the *Taylor* court noted the evidence in that case which contradicted the State's evidence that the killing occurred in the course of a forcible felony. *Taylor*, 212 Ill. App. 3d at 357.

Similar to *Taylor*, in the instant case there is evidence that contradicts the State's evidence that the killing occurred in the course of the forcible felony of aggravated discharge of a firearm and supports the defense theory that the killing occurred as the result of defendant acting in self-defense and that belief was unreasonable. The belief of justifiable use of force is a critical issue in this case, and competing theories of felony murder and second degree murder are supported by conflicting evidence as reflected by the record.

The committee note to IPI Criminal 3d No. 7.06A (Supp. 1996) recognizes that there can be competing theories supported by conflicting evidence where both felony murder and second degree murder instructions are warranted when belief of justifiable use of force is an issue and indicates as follows:

> "Pursuant to Section 9—2(a), as amended by P.A. 84—1450, the offense of second degree murder may not be based upon first degree murder under Section 9—1(a)(3) (felony murder). When first degree murder is charged under only Section 9—1(a)(3), Instruction 7.02A should be used. When first degree murder under Section 9—1(a)(3)

[(felony murder)] and first degree murder under Section 9—1(a)(1) or 9—1(a)(2) [(intentional murder, knowing murder)] are both charged and the court is also instructing on the lesser offense of second degree murder, Instruction 7.02A should be used for the count under Section 9—1(a)(3) [(felony murder)], and Instruction 7.06A should be used for the other first degree murder counts [(intentional murder, knowing murder)] upon which second degree murder may be based. See Instructions 7.01X and 7.02X." IPI Criminal 3d No. 7.06A, Committee Note, at 68 (Supp. 1996).

Defense counsel in the instant case, based on the evidence, requested the trial judge, consistent with the Illinois Pattern Jury Instructions, to instruct the jury on second degree murder because belief of justifiable use of force was a critical issue. The fact that the trial judge in the instant case found the evidence warranted giving the jury an instruction on self-defense is significant in resolving the question of whether the jury should have been instructed on second degree murder for the intentional and knowing murder charges. The trial judge recognized that there were competing theories factually at issue. Allowing the jury to be instructed on self-defense indicates that the trial judge found the evidence sufficient to warrant instructing the jury regarding defendant's subjective belief that the use of deadly force was justified in self-defense. Based on our review of the record, there was sufficient evidence to support the decision by the trial judge to give the jury an instruction on the justifiable use of force in self-defense.

However, when the evidence supports giving the jury an instruction on the justifiable use of force in self-defense, then an instruction for second degree murder should likewise be given when requested by defendant. See *People v. Lockett*, 82 Ill. 2d 546, 552 (1980). In *Lockett*, the court determined that an instruction on self-defense and voluntary manslaughter, now second degree murder, should be given when any evidence is presented showing the defendant's subjective belief that use of force is necessary. *Lockett*, 82 Ill. 2d at 552. The *Lockett* court noted that the duty of the judge is to determine if any evidence is presented that the defendant had a subjective belief that use of force is justified in self-defense, while it is the duty of the jury to weigh the evidence, determine if the belief existed, and if so, determine whether that belief was reasonable or unreasonable. *Lockett*, 82 Ill. 2d at 552-53.

Applying the principles articulated in *Lockett*, in the instant case, it was the jury's duty to weigh the evidence and determine if the defendant had a subjective belief that use of force was necessary in self-defense, and if so, whether defendant's belief that use of force was

justified in self-defense constituted a reasonable or unreasonable belief. *Lockett*, 82 Ill. 2d at 552-53. However, the refusal by the trial judge to instruct the jury on second degree murder prevented the jury from determining whether defendant's subjective belief that the use of force was justified in self-defense actually existed and whether that subjective belief was reasonable or unreasonable. There was sufficient evidence from which the jury could have concluded that Luckett killed the victim in the unreasonable belief that he was justified in doing so and was therefore guilty of second degree murder. Based on the record, it was an abuse of discretion for the trial judge to refuse to instruct the jury on the lesser mitigated offense of second degree murder where defendant was charged with intentional and knowing murder and presented sufficient evidence for the jury to find that, in self-defense, he believed deadly force was justified, but such belief was unreasonable.

B. Application of Principles Articulated in *People v. Morgan*

Regarding the defendant's challenge to the trial court's order refusing to instruct the jury on second degree murder on the charges of intentional and knowing murder, we find *People v. Morgan*, 197 Ill. 2d 404 (2001), instructive. As previously noted, although the trial judge in the instant case recognized that competing theories supported by the evidence required instructing the jury on felony murder and self-defense, the trial judge refused a second degree murder instruction, reasoning that second degree murder cannot be based on felony murder. That reasoning failed to recognize that while second degree murder cannot be based on felony murder, it can be based on intentional and knowing murder, and where required by the evidence the court can instruct on both felony murder with instruction IPI Criminal 3d No. 7.02A (Supp. 1996) and on second degree murder-belief in justification with IPI Criminal 3d No. 7.06A (Supp. 1996).

*Morgan* reaffirms the principle that competing theories supported by the evidence can require instructing the jury on second degree murder as to intentional and knowing murder, while also instructing the jury on felony murder. *Morgan*, 197 Ill. 2d at 449, 452. In *Morgan*, the 14-year-old defendant, Jon Roe Morgan, killed his grandfather, Keith Cearlock, after his grandfather beat him with a razor strap for receiving a detention. Morgan originally obtained the gun to kill himself, loaded it, took aim and fired at a bottle. Morgan's grandfather had threatened in the past to kill him, and Morgan believed his firing the gun would provoke his grandfather to carry out the threat. As Morgan left the bathroom, he encountered his grandfather coming toward him and shot him. His grandmother, Lila Cearlock, was stand-

ing in the hallway screaming and Morgan shot her in the back as she ran out of the house. Following a jury trial, Morgan was convicted of the first degree murder of his grandmother, Lila Cearlock, and the second degree murder of his grandfather, Keith Cearlock.

Unlike *Morgan*, in the instant case, at issue is Luckett's challenge to the trial court refusing second degree murder instructions, not on felony murder, but on the charges of intentional and knowing murder. In *Morgan*, second degree murder instructions were given by the trial court on the charges of intentional and knowing murder but refused on the felony murder charges. At issue in *Morgan* was the State's challenge to the appellate court's finding that the trial court erroneously refused second degree murder instructions on the felony murder charges. *Morgan*, 197 Ill. 2d at 450.

The supreme court, in addressing the State's challenge in *Morgan*, specifically noted the language of section 9—1(a)(3) of the Criminal Code, which states that a person commits first degree murder if, in performing the acts that caused the death, "he is attempting or committing a forcible felony other than second degree murder" (720 ILCS 5/9—1(a)(3) (West 1996)) and concluded as follows:

> "It would be anomalous, then, to give a second degree murder instruction with regard to a charge of felony murder. Pursuant to the plain language of the statute, it is clear that the provocation defense of second degree murder is not available to a charge of felony murder. Accordingly, we reverse the appellate court's finding that a second degree murder instruction should have been given on the charges of felony murder, and affirm the trial court's order declining to give that instruction." *Morgan*, 197 Ill. 2d at 452.

■ Unlike *Morgan*, defendant in the instant case does not rely on a provocation defense (720 ILCS 5/9—2(a)(1) (West 1996)) but, rather, relies on the claim that he acted unreasonably in self-defense (720 ILCS 5/9—2(a)(2) (West 1996)). The *Morgan* facts do not involve mitigation based on an unreasonable yet actual perceived need for self-defense. However, for the same reasons articulated in *Morgan*, based on the plain language of section 9—1(a)(3) of the Criminal Code (720 ILCS 5/9—1(a)(3) (West 1996)), we find that the unreasonable belief in justification defense of second degree murder is not available to a charge of felony murder. Therefore, in the instant case, no second degree murder instruction should be given regarding felony murder.

We are mindful, however, that in the instant case, defendant did not offer second degree murder instructions on felony murder but, rather, on the charges of intentional and knowing murder based on the evidence. Our conclusion that no second degree murder instructions should be given on felony murder, therefore, does not resolve the

issue in this case. The issue in the instant case is whether, based on the evidence, second degree murder instructions should have been given on the charges of intentional and knowing murder where the record reflected evidence that, in self-defense, defendant believed deadly force was justified but such belief was unreasonable.

In the instant case, based on the evidence, defendant argues it was an abuse of discretion for the trial court to refuse to submit the second degree murder instructions offered by defendant on the charges of intentional and knowing murder. Defendant does not contend that a second degree murder instruction should have been given on felony murder. Defendant does not challenge the felony murder instruction. Rather, defendant argues that limiting the jury instructions to felony murder erroneously precluded the jury from considering second degree murder because defendant had been charged with intentional and knowing murder, relied on self-defense, raised the issue of whether the belief in justifiable use of force was reasonable or unreasonable, and offered evidence of the unreasonable belief in justifiable use of force in support of instructing the jury with second degree murder instructions on the charges of intentional and knowing murder.

In *Morgan*, as in the instant case, the prosecution and defense offered competing theories as to the circumstances under which the shootings occurred. However, unlike *Morgan*, the jury in the instant case received no instructions or verdict forms for second degree murder, but only for felony murder. In *Morgan*, unlike the instant case, the jury was instructed that Morgan had been charged with knowing, intentional, and felony murder of his grandmother and grandfather. Consistent with those instructions, the jury in *Morgan* received verdict forms for first degree and second degree murder. Unlike the instant case, where second degree murder instructions on the charges of knowing and intentional murder were requested by defendant, but rejected by the trial judge, in *Morgan*, second degree murder instructions were given on the charges of intentional and knowing murder, regarding both Morgan's grandmother and grandfather, but not on the felony murder charges regarding these victims. *Morgan*, 197 Ill. 2d at 449. The jury in *Morgan* found the defendant guilty of the first degree murder of his grandmother Lila and guilty of the second degree murder of his grandfather Keith.

In affirming Morgan's conviction for the second degree murder of Keith, his grandfather, the Illinois Supreme Court recognized that "in convicting [the defendant] of second degree murder, the jury must have believed [the defendant] was guilty of the intentional or knowing murder of Keith, but that one of the mitigating defenses set forth in the second degree murder statute was present" and the jury, therefore,

rejected the State's felony murder theory as to the defendant's grandfather. *Morgan*, 197 Ill. 2d at 449. Consistent with the approach articulated in the committee note to IPI Criminal 3d No. 7.06A (Supp. 1996), in *Morgan*, the supreme court noted that second degree murder instructions were given only on the charges of intentional and knowing murder and not on the felony murder charges. *Morgan*, 197 Ill. 2d at 449.

The supreme court in *Morgan* upheld the convictions for first and second degree murder. The jury in *Morgan* was properly instructed on the competing theories supported by the evidence. In the instant case, unlike *Morgan*, the jury received a felony murder instruction, but no second degree murder instructions requested by defense counsel were given on the charges of intentional and knowing murder. Unlike *Morgan*, the jury in the instant case was not instructed on the competing theories supported by the evidence. *Morgan* reaffirms the proposition that competing theories supported by the evidence can require instructing the jury on second degree murder as to intentional and knowing murder, while also instructing the jury on felony murder. *Morgan*, 197 Ill. 2d at 449, 452. *Morgan* in no way precludes instructing the jury on competing theories in the factual context of the instant case, where the evidence supports such instruction.

The supreme court in *Morgan* did not criticize the fact that second degree murder instructions were given on the charges of intentional and knowing murder, resulting in Morgan's conviction for the second degree murder of his grandfather, Keith; rather, the supreme court affirmed that conviction. *Morgan* found the provocation defense of second degree murder was available to a charge of intentional or knowing murder, but not available to a charge of felony murder. *Morgan*, 197 Ill. 2d at 452.

■ Similarly, based on the facts of the instant case, we find that the unreasonable belief in justification defense of second degree murder is not available to a charge of felony murder, but is available to a charge of intentional or knowing murder. The trial judge was, therefore, correct in not giving a second degree murder instruction based on felony murder, but abused his discretion by refusing defendant's jury instructions on second degree murder as to the charged offenses of intentional and knowing murder. Based on the record, defendant presented sufficient evidence for the jury to find that, in self-defense, defendant believed deadly force was justified, but such belief was unreasonable. Accordingly, defendant was entitled to second degree murder instructions as to the charged offenses of intentional and knowing murder. The jury should be instructed on competing theories where the evidence is in conflict and the evidence

supports such instructions. *Morgan*, 197 Ill. 2d at 452; *Lockett*, 82 Ill. 2d at 552-53. In the instant case, competing theories supported by the evidence required instructing the jury on second degree murder as to the charged offenses of intentional and knowing murder, while also instructing the jury on felony murder. Based on the evidence it was an abuse of discretion for the trial judge to refuse second degree murder instructions requested by defense counsel on the charges of intentional and knowing murder.

## C. Prejudice

The State relies on *People v. Rixie*, 190 Ill. App. 3d 818, 831 (1989), to support its argument that the trial court's refusal in this case to instruct the jury on second degree murder did not substantially prejudice the defendant. Rixie was charged with intentional murder under section 9—1(a)(1) and felony murder under section 9—1(a)(3) predicated on armed robbery as the underlying felony. After the defense rested its case, the trial court conducted an instruction conference during which the court indicated its decision to give instructions on several lesser-included offenses. *Rixie*, 190 Ill. App. 3d at 825-26. The State in response dismissed the intentional murder count, and the trial court instructed the jury only on felony murder, refusing the defense instructions on voluntary manslaughter and lesser offenses, which were based on evidence adduced at trial. *Rixie*, 190 Ill. App. 3d at 825-26. The appellate court, under the facts of the *Rixie* case, found no substantial prejudice to the defendant by the trial court's refusal to instruct the jury on voluntary manslaughter and lesser included offenses of murder. *Rixie*, 190 Ill. App. 3d at 831.

Unlike *Rixie*, the trial court in the instant case specifically found the evidence sufficient to submit to the jury the self-defense instruction on justifiable use of force. Moreover, unlike *Rixie*, the State in the instant case did not dismiss the charges of knowing and intentional first degree murder. Rather, the State proceeded to trial against defendant for knowing and intentional murder, but only offered a jury instruction on the uncharged offense of felony murder. The trial judge in the instant case, based on the evidence, instructed the jury on self-defense, but refused defense counsel's second degree murder instructions on the charged offenses of knowing and intentional murder.

As previously noted, when the evidence supports submitting to the jury a self-defense instruction on justifiable use of force, an instruction for second degree murder should likewise be given. See *People v. Lockett*, 82 Ill. 2d 546, 552 (1980). In *Lockett*, the court determined that an instruction on self-defense and voluntary manslaughter, now second degree murder, should be given when any evidence is presented show-

ing the defendant's subjective belief that use of force was necessary. *Lockett*, 82 Ill. 2d at 552.

In *Rixie*, the appellate court had no need to discuss the application of the principles articulated in *Lockett* because the trial judge in *Rixie* did not give the jury a self-defense instruction on justifiable use of force. The finding by the trial judge in the instant case that the evidence supported instructing the jury on the justifiable use of force in self-defense is a critical factor which distinguishes the instant case from *Rixie* and requires application of the principles articulated in *Lockett*. *Lockett* recognized that if requested, an instruction on voluntary manslaughter, now second degree murder, should be given to the jury when the evidence supports submitting to the jury a self-defense instruction on justifiable use of force. *Lockett*, 82 Ill. 2d at 551. *Rixie* did not address the issue in the instant case as to whether a second degree murder instruction should be given on the charged offenses of knowing and intentional murder when the trial judge finds the evidence supports submitting to the jury a self-defense instruction on justifiable use of force. Moreover, unlike *Rixie*, the State in the instant case did not dismiss the charged offenses of knowing and intentional murder. In the factual context of the instant case, *Rixie* is not instructive. *Lockett*, however, supports defendant's argument that the jury in the instant case should have been instructed on second degree murder—belief in justification.

The court in *Lockett* noted it is the duty of the jury to weigh the evidence and determine if the defendant in fact believed use of force was necessary and whether that belief was reasonable or unreasonable. *Lockett*, 82 Ill. 2d at 553. The court in *Lockett* further noted that the judge's duty is to determine if any evidence is presented that the defendant had a subjective belief that use of force was necessary. *Lockett*, 82 Ill. 2d at 553. In connection with that duty, the *Lockett* court stated:

> "We can conceive of no circumstance when a judge could determine, as a matter of law, that a jury could find the defendant had a reasonable subjective belief the killing was justified, but that the jury could not find the defendant's subjective belief was unreasonable. So long as some evidence is presented from which a jury could conclude that defendant had a subjective belief, the jury should determine if the belief existed and, if so, whether that belief was reasonable or unreasonable. Consequently, we hold that when the evidence supports submitting an instruction on justifiable use of force, a tendered IPI Criminal No. 7.05 on voluntary manslaughter [now second degree murder] also should be given." *Lockett*, 82 Ill. 2d at 553.

 The record reflects that there was sufficient evidence from which the jury could have concluded that Luckett killed the victim in the unreasonable belief that he was justified in doing so, thereby supporting a conviction for second degree murder. In the context of this case, we find the failure to instruct on second degree murder as requested by defense counsel based on the charges of intentional and knowing murder substantially prejudiced defendant. We hold, in the instant case, that where, based on the evidence, a self-defense instruction on justifiable use of force was given to the jury, a corresponding second degree murder instruction based on the charges of intentional and knowing murder should be given as requested by the defendant and as supported by the evidence.

## D. Harmless Error

 The State additionally argues that failure to instruct on second degree murder was harmless, because the jury found defendant guilty of felony murder based on aggravated discharge of a firearm, the underlying felony. "In order for an alleged error in instructions to be considered harmless, it must be demonstrated that the result of a trial would not have been different if the proper instruction had been given." *People v. Dennis*, 181 Ill. 2d 87, 107 (1998).

In *People v. Moore*, 95 Ill. 2d 404, 411 (1983), our supreme court held that a failure to submit a voluntary manslaughter instruction was harmless error because the jury found defendant guilty of felony murder. In that case, the State produced evidence that the victim was killed during the course of an armed robbery. The State's witnesses testified that defendant entered a jewelry store, pulled out a weapon, stole merchandise, and shot the store owner from a distance of five or six feet. *Moore*, 95 Ill. 2d at 406. The defendant testified that he shot the victim accidentally after a struggle. The supreme court found that, even if the jury had received a voluntary manslaughter instruction, the jury still would have found defendant guilty of felony murder because "the overwhelming weight of the evidence" established that the defendant committed a forcible felony of armed robbery and the victim was killed during the course of that felony. *Moore*, 95 Ill. 2d at 411.

 In this case, unlike *Moore*, the overwhelming weight of the evidence did not establish Luckett committed the forcible felony of aggravated discharge of a firearm and the victim was killed during the course of that felony. Before the jury could find that Luckett committed felony murder, the jury had to determine who initiated the violence, whether Luckett acted in self-defense, and, if he acted in self-defense, whether his belief that deadly force was necessary was reason-

able or unreasonable. Unlike the evidence in the instant case, in *Moore*, only the self-serving testimony of the defendant supported his claim of self-defense. However, in the instant case, Luckett's trial testimony, portions of his statement to the police, the forensic evidence, and even some of the testimony of the State's witnesses supported Luckett's defense that he used deadly force based on an unreasonable belief that such deadly force was justified.

In reaching its decision, the jury in the instant case had to weigh conflicting evidence and judge the credibility of the witnesses. By failing to provide a second degree murder instruction, the trial court prevented the jury from resolving the fact question of whether Luckett's belief that he justifiably used deadly force was reasonable or unreasonable. We note parenthetically that a separate jury, which resolved codefendant Foster's case two months before Luckett's trial, received from the same trial judge not only a felony murder instruction, but also a second degree murder instruction based on intentional and knowing murder. That jury, with instructions based on competing theories supported by the evidence, found Foster guilty of second degree murder and not guilty of felony murder; the evidence against Foster mirrored the evidence against Luckett. See *People v. Foster*, 309 Ill. App. 3d 1 (1999). While this fact plays no part in our analysis, based on the record in this case we cannot say the result of Luckett's trial would not have been different if the proper instructions had been given; therefore, omission of these instructions was not harmless error.

## CONCLUSION

Whether defendant's conduct qualified as felony murder, second degree murder, or self-defense was a question of fact for the jury to resolve. It was for the jury, with the benefit of the proper instructions, to decide the nature of defendant's conduct. We conclude that the recent history of violence between the rival gangs, the previous confrontations between defendant and the Harris brothers, the testimony of defendant and some of the testimony of the State's witnesses, as well as the firearm evidence, provide sufficient evidence of self-defense to warrant an instruction on second degree murder. Whether under the circumstances at the time of the killing defendant, out of fear for his life, believed that the use of deadly force was justified, but this belief was unreasonable, is a determination to be made by the jury as the trier of fact, with the proper instructions. By refusing to provide the jury a second degree murder instruction, the trial judge prevented the jury from resolving this question of fact. There is evidence that a jury could believe and find that defendant did not com-

mit the forcible felony of aggravated discharge of a weapon, but fired the weapon under the unreasonable belief that circumstances justified the use of deadly force and was therefore guilty of second degree murder. We conclude the record demonstrates sufficient evidence to support, in addition to the felony murder instruction and self-defense instruction, second degree murder instructions as requested by defense counsel.

It was an abuse of discretion which unfairly prejudiced the defendant for the trial judge, based on the facts of this case, to refuse to instruct the jury on the lesser mitigated offense of second degree murder for intentional and knowing murder because defendant was charged with intentional and knowing murder and the evidence warranted a second degree murder instruction. The trial court correctly recognized that the evidence was sufficient to require instructing the jury on self-defense. The trial court correctly recognized that the justification defense of second degree murder is not available for felony murder. However, the justification defense of second degree murder is available for intentional and knowing murder, and the record reflects sufficient evidence for the jury to find that, in self-defense, defendant believed deadly force was justified, but such belief was unreasonable.

Using the Illinois Pattern Jury Instructions, the jury should be instructed, as requested by defendant, on competing theories when the evidence is in conflict and the law and the facts support such competing instructions. Competing theories supported by the evidence can require instructing the jury on second degree murder as to intentional and knowing murder while also instructing the jury on felony murder. *Morgan*, 197 Ill. 2d at 452. The committee note to IPI Criminal 3d No. 7.06A (Supp. 1996) recognizes that there can be sufficient evidence in the record to support instructing the jury on both felony murder and second degree murder when belief of justifiable use of force is an issue. IPI Criminal 3d No. 7.06A, Committee Note, at 68 (Supp. 1996). Belief of justifiable use of force was a critical issue in this case and we find sufficient evidence in the record to require instructing the jury on both felony murder and second degree murder. On remand the jury should be instructed, based on the evidence, consistent with the Illinois Pattern Jury Instructions.

We reverse defendant's convictions and sentences. We have reviewed the evidence and find that it was sufficient to prove defendant guilty beyond a reasonable doubt. There is no double jeopardy impediment to a new trial. *People v. Porter*, 168 Ill. 2d 201, 215 (1995). We also note we have made no finding as to defendant's guilt that would be binding on retrial. *People v. Jones*, 175 Ill. 2d 126, 134 (1997).

For the foregoing reasons, the judgment of the circuit court of

Cook County is reversed and this cause is remanded for a new trial consistent with this opinion.

Reversed and remanded.

TULLY and GALLAGHER, JJ., concur.